## ELIZA H. BRABROOK *vs.* BOSTON FIVE CENTS SAVINGS BANK.

A. B. deposited in a savings bank a sum in his own name, and a like sum in the'name of "A. B., trustee for C. D.," who was his daughter; and always retained the pass-books in his own possession. In a suit by the daughter, after his death, against the bank, for the sum deposited by him as trustee for her, parol evidence was offered to show that both deposits were his money, and that one was made in his daughter's name because the amount of both exceeded the sum which the law allowed the bank to hold for a single depositor. *Held,* that the evidence was admissible, notwithstanding that a by-law of the bank, assented to by A. B., provided that any depositor might designate at the time of deposit for whose benefit the same was made, and should be bound by such condition; and that, upon the facts, the plaintiff could not recover.

CONTRACT for money had and received. The case was submitted to the judgment of the court on facts agreed as follows:

On July 10, 1860, David Knowles, the father of the plaintiff, then Eliza H. Knowles, but since married to George Brabrook, gave to John T. Dingley $3000, to deposit with the defendants. "If it would be competent to prove by parol evidence, it is agreed that Dingley informed David Knowles that the by-laws of the defendants did not allow so large a deposit in the name of one person, but that he could deposit it in the names of his children for himself. Thereupon Dingley, by the direction of David Knowles, deposited the same, in equal proportions, in the name of David Knowles and his three children, one of whom was the plaintiff, took therefor four books from the defendants, informed David Knowles of what he had done, and showed him the books, and he approved the same. The entry in the book of the defendants, and in the pass-books, was as follows: 'David Knowles, trustee for Eliza Knowles,' with the date and amount of deposit. The deposit remained with the defendants unchanged, except that sums from time to time were drawn on account of interest, by Dingley, by the direction of David Knowles, and paid to him, so as to keep the whole sum below $1000, until the death of David Knowles. Dingley was appointed executor of the will of David Knowles, and as such claimed the funds in the defendants' hands as belonging to his estate. All four of the bank books remained in the possession

of Dingley until the death of his testator, and have since been in his possession as executor. The defendants' by-laws may be referred to if deemed material. If, upon these facts, the court should be of opinion that the plaintiff is entitled to said funds, judgment is to be entered for the plaintiff for the amount in the defendants' hands; otherwise the plaintiff is to become nonsuit."

The portions of the by-laws relied upon by the parties are quoted in the report of their arguments.

*H. C. Hutchins*, for the plaintiff. Unless the parol evidence is competent, the plaintiff is undoubtedly entitled to recover. *Farrelly* v. *Ladd*, 10 Allen, 127. *Hunnewell* v. *Lane*, 11 Met. 163. *Witzel* v. *Chapin*, 3 Bradf. 386. *Minchin* v. *Merrill*, 2 Edw. Ch. 333. Hill on Trustees, (4th Am. ed.) 482, 483. And the facts, if competent, do not affect her right to recover; the deposit was a perfected gift *inter vivos* to the plaintiff. Even if the gift was not consummated at the time of the deposit, it became so on the death of the depositor, the gift not then having been revoked. *Witzel* v. *Chapin*, 3 Bradf. 386. *Howard* v. *Windham County Savings Bank*, 40 Verm. 597. *Minchin* v. *Merrill*, 2 Edw. Ch. 333. *Astreen* v. *Flanagan*, 3 Edw. Ch. 279. *Ex parte Pye*, 18 Ves. 140, 148. *Gibson* v. *Minet*, 2 Bing. 7. The gift was at least valid as an executed trust, which the executor was bound to carry out in favor of the plaintiff. *Witzel* v. *Chapin*, 3 Bradf. 386. *Neilson* v. *Blight*, 1 Johns. Cas. 209. *Cumberland* v. *Codrington*, 3 Johns. Ch. 229. *Collinson* v. *Pattrick*, 2 Keen, 123, 134. *Thorpe* v. *Owen*, 5 Beav. 224. Story Eq. §§ 972, 1045. The entries in the books of the defendants and in the pass-book of the depositor, and the defendants' by-laws, which are signed by the depositor, constitute a written contract between the depositor and the bank. Article 12 of the by-laws provides that "any depositor may designate, at the time of making the deposit, the period for which he is desirous that the same shall remain in the bank, and the person for whose benefit the same is made; and such depositor, and his legal representative, shall be bound by such conditions, by him voluntarily annexed to his deposit." *Farrelly* v. *Ladd*, 10 Allen, 127.

*Wall* v. *Provident Institution for Savings*, 3 Allen, 96, and **6** Allen, 320. *Cummings* v. *Webster*, 43 Maine, 192, 197. The parol evidence is inadmissible; for it would annihilate, not explain, the written contract. *Timberlake* v. *Parish*, 5 Dana, 345, 351. *Nourse* v. *Finch*, 1 Ves. Jr. 344. *McLean* v. *Longlands*, 5 Ves. 71, 78. *Rachfield* v. *Careless*, 2 P. W. 158. Hill on Trustees, (4th Am. ed.) 196, 197. 1 Greenl. Ev. §§ 275–277. The Gen. Sts. *c.* 57, § 141, provide that a savings bank shall not hold at the same time more than $1000 for one depositor, and the by-laws contain a provision conforming to this provision of the statute. Evidence is held inadmissible to show a deposit made to prevent an attachment by creditors, and is *a fortiori* inadmissible to defeat the general law of the Commonwealth. *Wall* v. *Provident Institution for Savings*, 3 Allen, 96. *White* v. *Franklin Bank*, 22 Pick. 181. *Wheeler* v. *Russell*, 17 Mass. 258, 262. *Mills* v. *Western Bank*, 10 Cush. 22.

*J. P. Healy*, for the defendants. The plaintiff's father showed no intention to part with the money. The by-laws provide that " no person shall receive any part of his principal or interest without producing the original book, that such payments may be entered therein." Even if the plaintiff has any interest, she cannot enforce it in this action.

WELLS, J. The plaintiff shows no right to hold the money deposited with the defendant by David Knowles. It was not money that belonged to her originally, as was the case in *Farrelly* v. *Ladd*, 10 Allen, 127, and *Hunnewell* v. *Lane*, 11 Met. 163, relied upon by the plaintiff's counsel. The money belonged to David Knowles in his own right. He was not in fact trustee for Eliza Knowles, otherwise than by the form of the deposit. He was under no previous obligation to pay the money to her, or to hold it for her benefit. The voucher for the deposit, without the production of which, according to the conditions under which it was made, it could not be withdrawn, was never delivered to her, but retained exclusively in his own hands. *Wall* v. *Provident Institution for Savings*, 3 Allen, 96. The whole transaction was his own voluntary act, to which she was in no way a party or privy. There was no declaration made to

her, or to be communicated to her, of any intention that the money should be hers. Even if the form of the deposit is to be taken as conclusive proof of the existence of such an intention in his mind, the execution of that intent was not so far complete as to operate to pass the title. Knowledge of the gift, on the part of the donee, at the time it is made, is not essential, it is true, in order that it may take effect. If the act of transfer be complete on the part of the donor, subsequent acceptance by the donee before revocation will be sufficient. But there must be some act of delivery out of the possession of the donor, for the purpose and with the intent that the title shall thereby pass. This principle is distinctly recognized in the case of *Minchin* v. *Merrill*, 2 Edw. Ch. 333, cited by the plaintiff's counsel. In that case, as well as in several others of those cited, there was a complete delivery of the subject of the gift to a third party, in whose hands it was charged with the trust, the donor having parted with the possession and control. In none of them is there a denial of the principle above stated. In *Howard* v. *Windham County Savings Bank*, 40 Verm. 597, the deposit was made directly to the credit of the intended donee, making it a completed gift. The deposit by Knowles was entered in his own name and to his own credit. The legal title, and right to draw money so deposited, remains with the depositor. There was no direction or authority for the bank to pay it to the plaintiff. The form of the deposit does not imply such an intent; nor any obligation or right, on the part of the bank, so to pay it over. The declaration of trust is evidence that Knowles, the depositor, held the fund in some manner for the benefit of the person named as *cestui que trust*. But it did not, of itself, transfer to her the possession, nor the right of possession ; nor constitute a legal title in her. A deed, executed and put on record by the grantor, does not pass the title without some further act of delivery and acceptance. *Maynard* v. *Maynard*, 10 Mass. 456. *Samson* v. *Thornton*, 3 Met. 275. But if the grantor intend that the grantee shall receive it from the register, or if there be a previous agreement that the deed when made shall be so delivered at the registry, it will be effectual as

a delivery. *Shaw* v. *Hayward,* 7 Cush. 170. So if there be an actual trust, and an obligation to make the transfer for the security of that trust, the continued possession of the instrument by the person who executed it, being also its proper custodian for the *cestui que trust,* is consistent with an assignment completed by delivery; and a legal delivery to pass the title will be inferred from very slight evidence. *Moore* v. *Hazelton,* 9 Allen 102. But there must be delivery or some equivalent act with intent to pass the title. *Chase* v. *Breed,* 5 Gray, 440. When the instrument is in fulfilment of a legal obligation, the intent may be inferred from that fact. Perhaps the same would be true of a moral obligation, such as provision for wife or child. *Astreen* v. *Flanagan,* 3 Edw. Ch. 279. We presume the decision in *Witzel* v. *Chapin,* 3 Bradf. 386, cited by the plaintiff, was made upon some considerations of this nature. That decison recognizes that it is a question of intent. See also *Grangiac* v. *Arden,* 10 Johns. 293; *Goodrich* v. *Walker,* 1 Johns. Cas. 251. Assuming in this case that the deposit and declaration of trust was a sufficient act of delivery to pass the title, if such were the intent, we think the facts agreed show clearly that such was not the intent of the depositor. On the contrary, it would appear that it was the intention of Knowles to deposit the whole money as his own; and that the form of deposit was adopted for the sole purpose of evading a by-law of the bank and a provision of the statutes, limiting the amount that could be received from any one depositor to one thousand dollars.

1. The plaintiff contends that the written declaration of trust is conclusive, and objects to the competency of evidence to prove the facts relied on in defence; first, because it violates the rule excluding parol evidence to contradict or vary the terms of a written instrument. But that is a rule which applies to suits upon the instrument and between the parties to it. 1 Greenl. Ev. § 279. The plaintiff is no party to the contract between David Knowles and the defendant. She could maintain no action upon it. If she can recover at' all, it is because the money belongs to her, and the trust, being a mere naked trust for her benefit, is terminable at her pleasure. The contract of deposit is

collateral to her title, which depends upon her relations with David Knowles. As to her and her claim, whether upon the bank or upon David Knowles, the contract is merely evidence by way of admission, subject to be controlled by any competent evidence as to the actual facts. In *McCluskey* v. *Provident Institution for Savings*, 103 Mass. 300, a deposit in the plaintiff's own name was controlled by proof that the money deposited belonged in fact to the estate of her deceased husband.

2. For similar reasons the plaintiff cannot set up, as an estoppel against the defendant or against David Knowles, the by-law of the bank providing that "any depositor may designate, at the time of making the deposit, the period for which he is desirous that the same shall remain in the bank, and the person for whose benefit the same is made ; and such depositor, and his legal representative, shall be bound by such conditions, by him voluntarily annexed to his deposit." She is a stranger to that contract. She does not claim under it as his legal representative, but by a superior right, of which the contract is the evidence. There can be no estoppel where there is no mutuality or privity. 1 Greenl. Ev. §§ 189, 204, 211. *Merrifield* v. *Parritt*, 11 Cush. 590, 598. *Sprague* v. *Oakes*, 19 Pick. 455, 458. *Worcester* v. *Green*, 2 Pick. 425. *Braintree* v. *Hingham*, 17 Mass. 432. If, upon due presentation of the book, the money had been paid to her, this provision in the contract of deposit might have availed the bank as a defence against the depositor or his legal representatives. But it can have no force as an estoppel, except when so set up by the bank.

3. Neither can the plaintiff avail herself of the fact that the alleged purpose of David Knowles, in making the deposits in the form he did, was an evasion or violation of law. Whatever effect any illegality on the part of Knowles might have upon his right to recover against the bank, it cannot operate to confer any title or legal right upon the plaintiff. The effect of illegality is to create a disability to sue, or to derive any legal right from the transaction affected by it. The plaintiff's right to recover depends upon proof of an intent to make an absolute gift of this money to her. The defendant is not precluded from

disproving that intent because the evidence by which it is to be disproved tends also to show an unlawful act or purpose in a transaction between the defendant and David Knowles.

We have not considered the technical question whether any action could be maintained between these parties, for money so deposited, because that question seemed to be waived by the submission upon agreed facts, providing for a judgment for the plaintiff if the court shall be of opinion that she "is entitled to said funds."

Upon the facts stated, we are of opinion that she is not so entitled; and, according to the agreement, the plaintiff is to become                                                    *Nonsuit.*