EMRI CLARK *vs.* ANN CLARK & trustee.

A. B. deposited in a savings bank a sum of money belonging to her, in the name of "A. B., trustee for C. D.," and always retained the pass book. C. D. did not know of the deposit till after the death of A. B. A by-law of the bank provided that no one should receive his deposit without producing his pass book. A suit was brought against C. D. in which the bank was summoned as trustee, and the administrator of A. B.'s estate appeared as claimant. *Held*, that the administrator was entitled to the money as against the plaintiff, although evidence was offered of the intent of A. B. to create a trust in favor of C. D.

TRUSTEE PROCESS. The defendant was defaulted, in the superior court, and the Boston Five Cents Savings Bank, who were summoned as trustees, made answer that they had in their possession $628, deposited by Betsey Abbott and credited on their books to her as trustee for the defendant. William H. Carter, administrator of the estate of Betsey Abbott, appeared as claimant. The issue between the plaintiff and the claimant was heard, without a jury, by *Pitman, J.*, and reported for the determination of this court substantially as follows :

Betsey Abbott deposited in the bank money belonging to herself, in the name of "Betsey Abbott, trustee for Ann Clark," and afterwards died, having retained the book of deposit until her death, and until then the defendant, who was her half sister, had no notice of the deposit. A by-law of the bank, which was admitted in evidence against the objection of the plaintiff, provided "that no person shall receive any part of his principal or

interest, without producing the original book, that such payments may be entered therein."

The plaintiff offered evidence of the intent of Betsey Abbott to create a trust in favor of the defendant; but the judge ruled that, even if such intent were proved, the plaintiff could not recover, and directed judgment for the claimant. If this ruling was correct, judgment was to be entered accordingly, otherwise the case was to stand again for trial.

*A. E. Pillsbury*, for the plaintiff.

*C. P. Judd*, for the claimant.

CHAPMAN, C. J. The case of *Brabrook* v. *Boston Five Cents Savings Bank*, 104 Mass. 228, is decisive of this case. The money originally belonged to Betsey Abbott, and was deposited in the bank by her; and though she deposited it in the name of "Betsey Abbott, trustee of Ann Clark," yet she retained the book of deposit, and gave Ann Clark no notice of what she had done, nor did she know it till after Betsey Abbott's death. By one of the by-laws of the bank, no one could draw any part of the money without producing the bank book. Even if the plaintiff could prove that she intended to create a trust, she did not do what was necessary to carry the intent into effect. Ann Clark was not a party to the transaction, and never acquired any title to the money; and upon the death of Betsey Abbott it passed to her administrator. *Judgment for the claimant.*