## WILLIAM BRODERICK *vs.* WALTHAM SAVINGS BANK.

One who has deposited his own money in a savings bank, in the name of another person, to avoid attachment, may maintain an action for it against the bank in his own name, if he did not intend to make a gift or transfer to that person, and if he has tendered the pass book to the bank, although he has given no bond of indemnity and has told the bank that the other person refused to transfer the book to him.

CONTRACT to recover money deposited by the plaintiff with the defendants. At the trial in the superior court, before *Putnam*, J., the plaintiff introduced evidence tending to show that the money was his own; that he deposited it with the defendants in the name of Ellen Whalen, to avoid its being attached; that the bank book, or pass book, so called, had always been in his possession; that he told the defendants that the money belonged to him; that they told him to procure a transfer of the book from Ellen Whalen; that she refused to transfer it; and that he told the defendants of her refusal. The defendants offered evidence that their officers did not know the plaintiff personally when the money was deposited, and that no direction was given them except to receive the deposit in the name of Ellen Whalen.

It was admitted that part of the money had been paid out by the bank in a suit in which it was summoned as trustee of Ellen Whalen; that no affidavit of ownership, bond of indemnity, book in the plaintiff's name, or order or voucher from Ellen Whalen, was presented to the defendants before suit brought; that no officer of the bank saw Ellen Whalen about the deposit; and that the plaintiff made a demand of the money, and offered the bank book to the defendants, in the name of Ellen Whalen.

Two persons by the name of Ellen Whalen were called as witnesses. One of them testified that the plaintiff asked her to transfer the book to him, but she refused; that she again refused to do so the day before the trial; but that she knew nothing of the deposit, and had no interest in the money. The other Ellen Whalen also testified that she had no interest in the money.

The defendant requested the judge to instruct the jury "that the plaintiff could not recover, if he deposited the money in the name of Ellen Whalen to avoid an attachment, and gave no in-

formation to the defendants, at the time of the deposit, that the money was his; and that the deposit in the name of Ellen Whalen without reservation was, as matter of law, a gift or transfer to her, so that he could not recover it in his own name, especially when he had informed the defendants that she would not transfer the book to him." But the judge declined so to instruct the jury, and instructed them "that if they found that the money was the plaintiff's when he deposited it, and he did not deposit it for Ellen Whalen, or as trustee for her, or intending it as a gift to her, he might maintain this action against the defendants in his own name, for the amount deposited; and that, as to the portion of the deposit paid out by the defendants on the trustee process, if they found that the plaintiff intentionally misled the defendants, and they paid it over in good faith, and did all that could be expected of men of common prudence, under the circumstances, to ascertain to whom the money belonged, the amount thus paid must be deducted, and a verdict returned for only the balance." The jury returned a verdict for the plaintiff for the amount of the deposit, less the amount paid out on the trustee process; and the defendants alleged exceptions.

*C. R. Train & J. O. Teele*, for the defendants, cited *Wall* v. *Provident Institution for Savings*, 3 Allen, 96; *Warhus* v. *Bowery Savings Bank*, 21 N. Y. 543; *Winter* v. *Bank of New York*, 2 Caines, 337; *Jackson* v. *Farmers' Insurance Co.* 5 Gray, 52.

*J. W. Pettengill*, for the plaintiff.

CHAPMAN, C. J. No exceptions were taken by the plaintiff, and therefore there is no question before us, as to the propriety of deducting from the plaintiff's claim the amount paid out by the defendants on the trustee process.

As to the balance claimed by the plaintiff, the jury have found, under the instructions of the court, that the money deposited by the plaintiff in the bank was his own money, and that he did not deposit it for Ellen Whalen or as her trustee, or intending it as a gift for her. It appeared further at the trial, that she disclaimed any interest in it, and that she refused to transfer the bank book because she knew nothing of the deposit and had no interest in the money. Though the plaintiff deposited it in the name of

another, yet there was no transfer or intention to transfer it, and it remained his own. *Brabrook* v. *Boston Five Cents Savings Bank*, 104 Mass. 228. If we assume that the plaintiff's fraudulent purpose to avoid an attachment would have been a bar to an action by the plaintiff to recover it back, if he had transferred it to Ellen Whalen, and she had accepted the transfer ; yet the intent without any transfer would not work a forfeiture of it to the bank. He has a right to it as against them ; he presented to them the bank book ; and there is not, and has never been, any adverse claimant. The rulings excepted to are correct.