CASSIUS C. POWERS, administrator, *vs.* PROVIDENT INSTITUTION FOR SAVINGS.

Suffolk.    March 26. — April 15, 1878.    COLT, J., absent.

The mere fact that money deposited in a bank by A. is entered to the credit of "A., Trustee," is not conclusive evidence that the money is held by him in trust for another person ; and parol evidence is admissible to prove that A. is the absolute owner of the money

In an action against a savings bank by the administrator of A., there was evidence that, on a certain day, there was standing to the credit of A., on the books of the defendant, a certain sum on two accounts; that on the same day he drew an equal amount from each account, and afterwards, on the same day, opened three new accounts with the defendant in the name of "A., Trustee," and deposited a a certain sum on each; that during the lifetime of A. the five books of deposit, received by him of the defendant, were lost or stolen from his possession; that A. notified the defendant, after the loss of the books, that they had not been transferred, and were his property; that the defendant paid the plaintiff, as administrator, the amounts due on the two old books and on one of the new ones, on his filing a bond to indemnify the bank against the production of the books, but declined to pay him the amounts due on the remaining two books, although he tendered to the defendant a bond to indemnify it against the production of the missing books, or against the claim of any *cestui que trust;* and that neither of the five books has even been produced, and that no demand has been made on either party by any person claiming to be a *cestui que trust* of the new accounts remaining unpaid. *Held,* that the case was properly submitted to the jury on the issue whether the money deposited by A. on the new accounts belonged to him absolutely, or was held by him in trust; and that the evidence would warrant the jury in finding for the plaintiff.

CONTRACT for money had and received, brought against a savings bank by the administrator of a depositor. After the former decision, reported 122 Mass. 443, the case was tried in the Superior Court, before *Bacon,* J., who allowed a bill of exceptions in substance as follows :

The plaintiff is the administrator with the will annexed of the estate of John Marley. On July 22, 1857, there was standing to the credit of Marley, on the books of the defendant, the sum of $1096.22, on two accounts. On that day he drew, in equal amounts from each account, the sum of $556.22, and afterwards, on the same day, opened three new accounts with the defendant in the name of "John Marley, Trust.," and deposited $200 each on two of the accounts, and $100 on the other.

In 1870, during the lifetime of Marley, the five books of deposit, received by Marley from the defendant, were lost or stolen from his possession, and the defendant has paid the plaintiff, as administrator, the amounts due on the two old books and on one of the new ones, on his filing a bond to indemnify the bank against the production of said books. Neither of the five books has ever been produced, and no demand has been made on either paity to this suit on behalf of any person claiming to be *cestui que trust* of the new accounts remaining unpaid. The defendant

was notified by Marley in 1870, after the loss of the books, that they had not been transferred, and that they were his property. The plaintiff tendered to the defendant a good and sufficient bond to indemnify it against any claim arising from the production of the missing books of the accounts still unpaid, or from any claim of any *cestui que trust;* but the defendant declined to pay said plaintiff the amounts due on said books at the date of the writ, December 22, 1874.

Upon these facts, the defendant asked the judge to rule that on the evidence offered by the plaintiff a *primâ facie* case of the existence of a trust was made out, and that the presumption was not rebutted by the further evidence offered by the plaintiff. But the judge declined so to rule, and left it to the jury to say whether the money deposited by Marley, on said accounts, belonged to him absolutely at the time of deposit, or whether he held it subject to a trust; and, if they found the former, to return a verdict for the plaintiff.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*F. E. Parker & W. E. Perkins,* for the defendant.

*C. C. Powers, pro se.*

SOULE, J. The ruling asked for by the defendant was properly refused. The mere fact that the money deposited by Marley was entered to the credit of " John Marley, Trust.," was not conclusive evidence that he held it subject to a trust in favor of some other person, nor that some other person had any interest in it. Even if the deposit had been made and entered ' In trust for A. B.," it would have been open to proof by parol evidence that the money was in fact absolutely owned by the depositor, and thus deposited for convenience and without intent to give "A..B." any right to or interest in it, whatever. *Brabrook* v. *Boston Five Cents Savings Bank,* 104 Mass. 228. *Clark* v. *Clark,* 108 Mass. 522. This seems to have been recognized by the defendant; and it asked the court to rule that, on the evidence offered by the plaintiff, a *primâ facie* case of the existence of a trust was made out, which was not rebutted by the other evidence offered. The court could not be required to rule on the effect of a part of the plaintiff's case to the exclusion of a part. The plaintiff was entitled to the benefit of the whole

evidence offered; and, if any part of it tended to show that Marley was absolute owner of the money and held it free from trust, it was proper that the whole evidence should be submitted to the consideration of the jury.

We are of opinion that, from the facts admitted by the defendant at the trial, as set forth in the bill of exceptions, a jury would be warranted in finding that the money was Marley's absolutely, not charged with any trust, and deposited in the name of "John Marley, Trust.," for his own convenience merely. There was no error, therefore, in submitting the question to the jury under the instructions which were given.

*Exceptions overruled.*

