GEORGE H. GERRISH & another, executors, *vs.* NEW BEDFORD INSTITUTION FOR SAVINGS.

Bristol. October 22, 1878; October 29, 1879. — January 10, 1880.

In an action by the executor of A. against a savings bank to recover money deposited by A., it appeared that, after depositing in his own name and on his own account all that he was allowed to by the rules of the bank, A. made three other deposits as trustee, one of which was in trust for his only son by name, and the others in trust for his two grandchildren by name; that for these deposits he took separate bank books containing entries of the same, which after his death were found among his effects, having never been delivered to the persons named or to any one else for them; and that A. continued during his lifetime to collect, receipt for and use, as his own, all dividends declared upon these deposits. A by-law of the bank provided that "no person shall receive any part of the principal or interest, without producing the original books, in order that such payments may be entered thereon;" and another by-law provided that "any depositor, at the time of making his deposit, may designate the person for whose benefit the same is made, which shall be binding on his legal representatives." The son and grandchildren of A., who appeared as claimants

of the money under the St. of 1876, c. 203, § 19, offered to prove, in addition to the facts above stated, that A. had said to each of them, at different times, " that he had put this money in the bank for them; that he wanted to draw the interest during his lifetime; and that after he was gone they were to have the money." *Held,* that the evidence offered was admissible; and that, upon all the evidence, a jury would be justified in finding that A. had fully constituted himself a trustee for the claimants.

COLT, J.    The executors of John B. Dornin seek to recover of the defendant bank money deposited by him.   It appears that, after depositing in his own name and on his own account all that he was allowed to by the rules of the bank, he made three other deposits as trustee, one of which was in trust for his only son by name, and the others in trust for his two granddaughters by name.   For these three deposits he took separate bank books containing entries of the same, which after his death were found among his effects, having never been delivered to the parties named or to any one else for them.   The testator continued while living to collect, receipt for and use as his own, all dividends declared upon these deposits.

Under the provisions of the St. of 1876, c. 203, § 19, the son and grandchildren are made defendants in this action, and appear as claimants of the money.

A by-law of the bank provides that "no person shall receive any part of the principal or interest, without producing the original books, in order that such payments may be entered thereon." And another by-law declares that "any depositor, at the time of making his deposit, may designate the person for whose benefit the same is made, which shall be binding on his legal representatives."    It is also now provided by statute that, when a deposit is made in trust, the name and residence of the person for whom it is made shall be disclosed, and the deposit shall be credited to the depositor, as trustee of such person; and when no other notice of the terms of the trust shall have been given in writing, the deposit or any part thereof may be paid, in the event of the death of the trustee, to the person for whom the same was made. St. 1876, c. 203, § 20.

At the trial, the claimants offered to prove, in addition to the facts stated, that the testator had said to each of them, at different times, " that he had put this money in the bank for them; that he wanted to draw the interest during his lifetime;

and that after he was gone they were to have the money." And the question submitted by this report is whether, upon this evidence, the claimants would be entitled to the money in dispute; in other words, whether, upon this evidence, it can be properly found that the testator created himself trustee of the several funds for their use and benefit.

It is not enough that the testator manifested an intention to create the trust and make the gift at some future time. The act of transfer relied on must be fully and completely executed. When there is a formal instrument creating a trust in real estate, it is said that delivery of the writing is not in all cases necessary to its validity. It is a question of fact whether the trust has been perfectly created, and, upon that question, the delivery or non-delivery of a written declaration is a significant fact of greater or less weight according to circumstances and according to the nature of the writing relied on as a declaration of trust. If the alleged trust arises from a mere gift of personal property, delivery of the writing by which it is declared is perhaps of less importance, and the court will consider all the facts showing the intention of the donor. It must always appear, however, from the written or oral declarations, from the nature of the transaction, the relations of the parties and the purpose of the gift, that the fiduciary relation is completely established. *Urann* v. *Coates*, 109 Mass. 581.

There is in the case at bar no formal written declaration. But no particular form of words is required to create a trust in another, or to make the party himself a trustee for the benefit of another. It is enough for the latter purpose if it be unequivocally declared in writing, or orally if the property be personal, that it is held in trust for the person named. *Ex parte Pye*, 18 Ves. 140. *Wheatley* v. *Purr*, 1 Keen, 551. *M'Fadden* v. *Jenkyns*, 1 Hare, 458, and 1 Phillips, 153. *Milroy* v. *Lord*, 4 De G., F. & J. 264. When the trust is thus created, it is effectual to transfer the beneficial interest, and operates as a gift perfected by delivery.

The decisions in both the English and American courts in these cases are not entirely uniform. The difficulty is in the application of the rule to the varying facts of each case. In *Brabrook* v. *Boston Five Cents Savings Bank*, 104 Mass 228,

where one deposited his own money in his own name as trustee for another, but retained the bank book, and never gave to the alleged donee any notice of the deposit; and there was evidence that it was made in that mode in order to evade a by-law of the corporation, which prohibited so large a deposit in the name of one person, it was decided by this court that the facts agreed showed no intention on the part of the depositor to transfer to the plaintiff a present title to the property. The decision was upon a case stated, and much reliance was placed upon the fact that the whole transaction was a voluntary act, to which the plaintiff was in no way party or privy, and of which she had no notice. It was said that "even if the form of the deposit is to be taken as conclusive proof of the existence of such an intention in his mind, the execution of that intent was not so far complete as to operate to pass the title," but that it appeared "that the form of the deposit was adopted for the sole purpose of evading a by-law of the bank and a provision of the statutes limiting the amount that could be received from any one depositor to one thousand dollars." The case of *Clark* v. *Clark*, 108 Mass. 522, which was held to be governed by *Brabrook's case*, was like that case in the fact that the claimant was not a party to the transaction, and had no notice or knowledge of the deposit until after the death of the depositor.

In each of those cases, the evidence relied on failed to disclose the nature or extent of the fiduciary relation intended to be assumed by the party making the deposit. The entries in the bank books were alike consistent with a trust to collect and pay over only the income of the fund for a definite period; or with a trust by which the principal sum vested in the donees, with an immediate or future right to all the income; or with a mere naked trust, by which an immediate title to the money and all its future income vested in them. The money in each case belonged to the depositor, who was under no previous obligations to hold it for the claimants, and, above all, the claimants were not made parties to the transaction, and had no knowledge or notice of it. The transaction, so far as it tended to create a trust, was in each case incomplete. It failed to show that the depositor did not intend to keep the money in his own hands, and indicated that, while he lived, he did intend that no one

should take from him any interest in it, either immediately or on the happening of some future event. The entries in the bank books did not possess the character of completed and fully executed declarations of trust. So in *Cummings* v. *Bramhall*, 120 Mass. 552, where a testator transferred certain bank shares to himself as trustee for his two daughters, but retained control of the shares, and appropriated the dividends, and neither daughter knew of the transfer, it was held that there was no completed gift. See also *Powers* v. *Provident Institution for Savings*, 124 Mass. 377.

In *Milroy* v. *Lord*, above cited, it was declared by Lord Justice Turner to be well settled that, in order to make a voluntary settlement valid and effectual, the settler must have done everything which, according to the nature of the property comprised in the settlement, was necessary in order to transfer the property and render the settlement binding upon him; that he may do this by an actual transfer of the property to the person for whom he intends to provide; and it will be equally effectual if he transfers it to a trustee, or declares that he himself holds it in trust for the purpose named. And in *Warriner* v. *Rogers*, L. R. 16 Eq. 340, it is said that, in order to give validity to a declaration of trust in these cases, it is necessary that the donor or grantor should have absolutely parted with his property and have effectually put it out of his power, at least in the way of interest. See also *Richards* v. *Delbridge*, L. R. 18 Eq. 11.

In the case at bar, the claimants offered to prove declarations of the testator made to them at different times in language which fairly implied that he intended to give to them an immediate equitable title in the principal fund, reserving only the income for life. These declarations define the nature of the trust assumed, and show that a testamentary disposition of the property was not intended. See *Davis* v. *Ney*, 125 Mass. 590.

At the trial, this evidence was rejected, because, in the opinion of the judge, the testator had not done what was necessary to create a trust. But whether he had done enough depended, as we have seen, on whether his conduct and declarations manifested a completed and executed intention in regard to it. Notice to the donee is indeed not necessary when other acts or declarations of the donor are sufficient and complete in themselves; but,

where the transaction is capable of two interpretations and the settlement is merely voluntary, it is plain that notice given by the donor to the donee of the existence of the trust would in most cases be decisive on the question of intention. It takes the place of that delivery which is necessary to perfect a gift of personal property. It is not only satisfactory evidence of an executed intention, but it is a declaration in the nature of an act necessary to complete the transaction and create the trust.

In *Ray* v. *Simmons*, 11 R. I. 266, where money was similarly deposited, the fact that notice was given to the plaintiff was relied on as showing that the trust was completely constituted. In *Minor* v. *Rogers*, 40 Conn. 512, notice given to the parents of an infant of a deposit in trust for him was treated as evidence of an executed gift. And the New York Court of Appeals, differing from the view of this court, recently decided that an entry in a savings bank pass-book was alone sufficient to constitute a valid trust against legal representatives, although the donor received the income during life and the donee knew nothing of the deposit. *Martin* v. *Funk*, 75 N. Y. 134. See also *Taylor* v. *Henry*, 48 Md. 550; *Stone* v. *Bishop*, 4 Clif. 593.

Upon all the evidence, including that which was excluded but which should have been admitted, a majority of the court is of opinion that a jury would be justified in finding that the testator had fully constituted himself a trustee for these claimants; and, according to the terms of the report, the entry must be

*New trial granted.*

*G. Marston*, for the plaintiffs.
*E. Robinson*, for the claimants.