ISAAC C. SHERMAN, executor, *vs.* NEW BEDFORD FIVE
CENTS SAVINGS BANK.

Bristol.   Oct. 28, 1884. — Feb. 27, 1885.   C. ALLEN & COLBURN, JJ.,
absent.

A. deposited a sum of money in a savings bank in the name of B., in whose name
the pass-book, which A. kept in his possession, was issued, and the following
condition was annexed : " Interest to be paid on order of A.  Principal to be
drawn by B. after decease of A."  A. never had any communication with B.
in regard to the matter, and B. did not know of the deposit until after the
death of A.  The by-laws of the bank provided that money deposited should
only be drawn out by the depositor or some person by him legally authorized,
and that no payment should be made to any person without the production of
the pass-book ; and that any depositor might designate, at the time of making
the deposit, the period for which he desired the same should remain, and the
person for whose benefit it was made, and should be bound by such condition
annexed to his deposit.  *Held*, in an action by the executor of A.'s will against
the bank for the amount of the deposit, in which action B. intervened as a
claimant of the fund, under the Pub. Sts. *c.* 116, § 31, that there was not a per-
fected gift of the fund to B. ; and that the executor was entitled to it.

CONTRACT for money had and received, being the amount of
a deposit in the defendant bank, made by Urial Sherman, the
plaintiff's testator.   The First Central Congregational Society of
Rochester intervened as a claimant of the fund, under the Pub.
Sts. *c.* 116, § 31.   Trial in the Superior Court, before *Gardner*,
J., who directed the jury to return a verdict for the claimant;
and reported the case for the determination of this court.   The
facts appear in the opinion.

*C. T. Bonney & A. B. Collins*, for the plaintiff.

*E. Robinson*, for the claimant.

W. ALLEN, J.   By the intervening of the claimant under the
Pub. Sts. *c.* 116, § 31, the action becomes a proceeding between
the plaintiff and the claimant to determine to which of them the
fund belongs.

The money deposited belonged to the plaintiff's testator, and
the fund continued to be his, unless he made a gift of it to the
claimant when it was deposited.   To constitute a gift, there
must have been a transfer of the fund to the claimant, or at
least a transfer of it to the depositor as trustee for the claimant.
*Sweeney* v. *Boston Five Cents Savings Bank*, 116 Mass. 384,
was an instance of the former, where a man went with his wife

to the savings bank, and deposited his money in her name, she signing as depositor the usual agreement, and taking the book into her possession. *Gerrish* v. *New Bedford Institution for Savings*, 128 Mass. 159, was an instance of the latter; where a man deposited his money in his own name as trustee for his son, and retained the book in his possession, but verbally informed the son of his intention thereby to give him an immediate title in the fund, reserving the income for his own life. It was held that there was evidence to submit to a jury that the depositor had constituted himself trustee for the son. But a declaration of trust by the owner, or a deposit of the fund in his name as trustee, or a deposit in the name of another, will not of itself be sufficient to prove a gift or voluntary trust; there must be some further act or circumstance showing a perfected gift of the legal or equitable interest. *Clark* v. *Clark*, 108 Mass. 522. *Broderick* v. *Waltham Savings Bank*, 109 Mass. 149. *Powers* v. *Provident Institution for Savings*, 124 Mass. 377. *Cummings* v. *Bramhall*, 120 Mass. 552. *Eastman* v. *Woronoco Savings Bank*, 136 Mass. 208.

In this case there was no transfer of the fund, and no perfected gift of it, to the claimant. The supposed donor was the depositor, and, as such, signed the agreement, and was affected with notice of the by-laws of the bank, and received and kept in his possession the deposit-book. The by-laws provided that money deposited should be drawn out only by the depositor, or some person by him legally authorized, and that no payment should be made to any person without the production of the pass-book. They also provided that any depositor might designate, at the time of making the deposit, the period for which he desired the same should remain, and the person for whose benefit it was made, and should be bound by such condition annexed to his deposit. The deposit was entered to the credit of the claimant, and the pass-book was in its name, and the following condition was annexed : " Interest to be paid on order of Urial Sherman. Principal to be drawn by board of managers of said church after decease of Urial Sherman." The depositor never had any communication with the claimant in regard to the matter, and the claimant did not know of the deposit until after the death of the depositor. The only contract made was

between the depositor and the bank.  The form of the deposit and the condition annexed were parts of that contract, and in some respects modified it; but, as regards the claimant, they are nothing more than declarations of the depositor, competent only upon the question of his intention.  See *Brabrook* v. *Boston Five Cents Savings Bank,* 104 Mass. 228.

The argument in favor of holding the depositor to be a trustee may be stated thus.  If the circumstances show an intention to make a present gift of the principal to the claimant, to come into possession upon the death of the depositor, the delivery of the pass-book to the claimant would make that a completed gift, and as the depositor was to draw the income during his life, the possession of the pass-book by him was consistent with the gift to the claimant, and will be presumed to have been in trust to deliver it and perfect the gift as soon as the interest of the depositor in the income should expire.  This argument supposes that the deposit alone gives the claimant a right to the principal deposited.  On the contrary, the deposit, of itself, gives no right to the claimant.  It is a matter wholly between the depositor and the bank. [ If, by the delivery of the book, or a sufficient declaration of trust, or other act between the depositor and the claimant, the latter should acquire a right, the form of deposit would estop the depositor, as against the bank, from denying that right.  The delivery of the book, or the other act, is the voluntary and efficient act which perfects the gift; until that is done, even if the intention is manifested, there can be no gift which will give legal or equitable rights. ] But no inference can be drawn, from the form or circumstances of the deposit, that the depositor intended to give to the claimant any right or interest in the fund to take effect during his own life, and deprive him of the dominion and control of the property, and prevent him from revoking the gift.

The extraneous evidence put in by the plaintiff, against the objection of the claimant, does not tend to prove a perfected gift or a trust, or an intention that any present right should pass to the donee.  On the contrary, its whole tendency is to show that the intention of the donor was that the gift should not take effect until after his death, and that it was intended to be in the nature of a testamentary disposition.  As tending to prove

this, the evidence, if competent, is unnecessary and immaterial. Whether that was or was not the intention, there was no trust or perfected gift shown; the fund remained the property of the depositor; and the plaintiff, his executor, is entitled to it.

Under the Pub. Sts. *c.* 153, § 14, and the agreement of the parties, the case is reported to this court to pass upon the competency and effect of the evidence, and "to make such order, direction, judgment, or decree as is fit and proper for the further disposition of the case." The proper entry then will be

*Judgment for the plaintiff.*