Schick v. Grote.

---

JOHN R. SCHICK, administrator &c., of Henrietta E. Grote, deceased, appellant.

*v.*

CHARLES G. GROTE et al., respondents.

1. A husband deposited money in a savings bank in the joint names of himself and wife. The entry was " Bank for Savings, in account with A. G. and wife, E., or either." He had already deposited there, on the same occasion, as much as the bank would receive in his name. He drew the interest on the first-mentioned deposit himself. There was no proof of a delivery, and the only evidence of a gift was a declaration to his wife, when she was scolding him about drawing the other money from the bank, that he would have no more to do with it.

2. A wife is not competent to testify to the gift of a chattel by her husband to her, which she says he gave to her, not for her own use, but that she might give it to a relative.

3. Where the court below does not fix the value of a chattel with which it and this court adjudges that the accountant should be charged, its value may be fixed here.

---

Appeal from decree of Morris orphans court.

*Mr. W. W. Cutler*, for appellant.

*Mr. C. Linn*, for respondents.

THE ORDINARY.

This appeal is from a decree of the orphans court of Morris county, sustaining four of the exceptions filed by the respondents to the final account of Henrietta E. Grote, administratrix of August Grote, deceased, who was her husband. By the first of the four exceptions the exceptants object to the account because the accountant has not charged herself with certain money deposited by her intestate in the Bank for Savings of the city of New York, and which she drew therefrom after his death. The amount deposited was $1,000, and the sum drawn was $1,035.40, the amount deposited with interest thereon. The money deposited was the property of Mr. Grote. He had received it from the estate of his deceased uncle. The appellant claims, however, that it was given to Mrs. Grote by her husband. The proof upon the subject is that the deposit was made to the following account: "Bank for Savings, in account with August Grote and wife, Edvina, or either." Mrs. Grote testified, upon the trial of the exceptions (she has since died), that her husband and she went to the bank to deposit $2,000 for her; that the bank officer (receiving teller) at first would not take the money, but afterwards received it, saying that Grote would have to take two books for it, and that his, Grote's, wife, could have the money at any time just as well as he, Grote. Grote deposited $1,000 in his own name, and the other $1,000 to the before-mentioned account. He subsequently drew out the deposit which was in his name and spent it in paying for a team of horses and in paying his debts. Mrs. Grote testified that she kept the two bank books. After the appeal was taken, and after her death, Theodore Otto, her brother, was examined (it was alleged that his testimony was newly discovered), and he testified that on several occasions while he lived in Grote's family, he heard him say, when his wife grumbled about his having drawn out the money

23

deposited in his name alone, that he would have nothing to do with the other money, that it belonged to her.

In *Dilts* v. *Stevenson, 2 C. E. Gr. 407,* it was held that where a widow seeks to establish in equity a gift to her from her husband in his lifetime, she must adduce evidence beyond suspicion, and that nothing else will do than a clear, irrevocable gift, either to some person as trustee or by some clear and distinct act of his, by which he divested himself of the property and engaged to hold it as trustee for the separate use of the wife. In the case in hand, the evidence is not sufficient to establish a gift. The deposit was made by Grote himself, upon his own account and for his own benefit. He would have deposited the money in his own name alone, as he did the other $1,000, if the rules of the bank would have permitted ; but they did not allow a depositor to have upon deposit more than $1,000, including interest. The officer who received the money, at first declined to take it, but afterwards took it upon the account of both husband and wife. This was evidently done to evade the rule. The signature of Grote alone was taken as that of the depositor of the money. According to Mrs. Grote's testimony, the bank officer warned him that the effect of the entry of the money upon the account of both, would be that it would empower his wife to draw the money—that if so entered, she could draw it as well as he could himself. Had Grote intended to give the money to his wife, he would have deposited it in her name. She says that he meant to give her the other $1,000 as well as the money in question. But he deposited that money in his own name alone. It is evident, from the testimony of Otto, that Grote did not intend, by the deposit in the name of himself and his wife, to give the money to her. He says Grote told him that it was deposited in that way, "so that when either should get sick, the other could draw the money." His testimony that Grote said he would have nothing to do with that money, that it belonged to his wife, is not proof that Grote gave the money to her, or that he recognized her ownership of it. He says that this was said when she was angrily scolding her husband for having drawn out the other money and spent it. He says she was very angry. When

Schick *v.* Grote.

.asked what was the occasion of, or the reason for, Grote's saying
to his wife that the money in bank belonged to her, he answers:

" On account she was his wife; and she was grumbling about his spending
the money."

Evidently she was asserting her right as his wife, to endeavor
to control his expenditures, and was complaining that he was
spending the money that he had put in the bank, and he prom-
ised not to spend any more of it, and may have referred to that
which remained as the money deposited in her name as well as
his own.　Otto says, on his cross-examination, that Grote
said " that money in the bank should now belong to her,
and he would have no more to do with that money;" that
is, that from that time it should belong to her.　But he
never took any step to give it to her.　He did not change the
account so as to give her the sole control over the money, but,
on the other hand, he retained his power to draw the money out
at will, and, in fact, did draw the interest upon two occasions.
It may be added, that the testimony of this witness seems to be
liable to some criticism, on the ground that he swears that Mrs.
Grote drew interest upon the $1,000 from the bank, while it
appears by the testimony of the comptroller of the bank, that
the interest was drawn out, not by her, but by her husband.
Otto's testimony is subject to objection because of his interest in
the suit as the next of kin, or one of the next of kin of Mrs.
Grote.　The form of the account to which the deposit was made,
is not evidence of gift to the wife.　*Brabrook* v. *Savings Bank,
104 Mass. 228; Brown* v. *Brown, 23 Barb. 565; Marshal* v.
*Crutwell, L. R. (20 Eq.) 328; Smith* v. *Speer, 7 Stew. Eq. 336.*
Nor is it, in connection with the other evidence in the case, suffi-
cient to establish a gift.　Mrs. Grote testifies that she had the
books, that her husband gave them to her.　He probably deliv-
ered them to her merely for safe keeping.　He must have had
one of them when he drew the $1,000 which stood in his own
name alone, and he must have had the other when he drew the
interest upon the other deposit.　To constitute a perfect gift, the
donor must part with the possession of and the dominion over

the property.   In this case, Mr. Grote, as before stated, retained his control over the property to the time of his death.

The second of the exceptions under consideration charges that the accountant received a gold watch belonging to the estate, for which she has not accounted.   The evidence establishes the fact that she had the watch.   She alleges that her husband gave it to her, not for her own use, but in order that she might give it to one of his or her relatives.   But she was not competent to testify to such alleged gift, and there is no other testimony or evidence on the subject.   She is chargeable with the value of the watch.   The orphans court so held, but did not fix the value. It may be fixed in this court before decree.

The other two of the four exceptions under consideration are in relation to the price received by the accountant for two horses of the estate, which she did not inventory, and with which she did not charge herself in any way.   The proof is that they were the property of the estate, and that she sold them after her husband's death for the sum (which she received) with which the orphans court charged her upon the exceptions.

The decree appealed from will be affirmed, with costs.