HENRY PARKMAN *vs.* SUFFOLK SAVINGS BANK FOR SEAMEN AND OTHERS, & another.

Suffolk. January 13, 1890. — February 27, 1890.

Present: DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Savings Bank — Deposit in Trust — Evidence.*

The fact that a savings bank book designates the depositor as trustee for another is not conclusive of the existence of a trust.

In an action by the administrator of a savings bank depositor to recover money deposited by him "in trust" for another, evidence was admitted that, at the time the deposit was made, the intestate had already deposited in the bank the full amount allowed to his own use. *Held*, that the evidence was competent as offering a possible explanation of the form adopted other than the intention to make a gift to the person named as beneficiary.

At the trial of such an action, in which the alleged beneficiary intervened as claimant, it further appeared that the plaintiff received the book from the intestate's housekeeper, and that the book was never in the claimant's possession; and there was conflicting evidence as to whether the claimant was ever informed of the deposit until after the death of the intestate. *Held*, that a finding was warranted for the plaintiff.

CONTRACT, to recover a deposit in the defendant bank by the administrator of the estate of William C. McCarthy. Marcus McCarthy intervened as a claimant of the fund under the Pub. Sts. c. 116, § 31.

At the trial in the Superior Court, without a jury, before *Bishop,* J., it appeared in evidence that the intestate in his lifetime, in the years 1880 and 1882, deposited various sums, amounting in all to one thousand dollars, in the defendant bank in his own name as trustee for the claimant, which sums, with interest, made up the fund in question ; that the bank-book representing the deposit in question was received by the plaintiff from the intestate's housekeeper; and that such book had never been in the possession of the claimant.

The claimant contended that the deposit was a gift to him in his lifetime ; but the evidence was conflicting as to whether the claimant ever had any knowledge of the deposit until after the intestate's death.

The plaintiff offered evidence tending to prove that the intestate from the year 1859 to the year 1876 made various deposits, in all aggregating one thousand dollars, in the defendant bank in his own name, as shown by another deposit-book, and that such sums so remained on deposit in the intestate's own name at the time the sums making up the deposit in question were deposited. The claimant objected to the admission of this evidence, but the judge admitted it, and the claimant excepted.

At the close of the evidence, the claimant requested the judge to rule, among other things, " that on all the evidence in the case the plaintiff is not entitled to recover." The judge refused so to rule, and found for the plaintiff; and the claimant alleged exceptions.

*F. Burke,* for the claimant.

*J. A. Maxwell,* for the administrator.

HOLMES, J.    The fact that the savings bank book designates the plaintiff's intestate trustee for the claimant is not conclusive of the existence of a trust.    *Brabrook* v. *Boston Five Cents Savings Bank,* 104 Mass. 228, 232.    *Clark* v. *Clark,* 108 Mass. 522. *Powers* v. *Provident Institution for Savings,* 124 Mass. 377. *Sherman* v. *New Bedford Five Cents Savings Bank,* 138 Mass. 581, 582.    *Alger* v. *North End Savings Bank,* 146 Mass. 418, 422. See also *Robinson* v. *Ring,* 72 Maine, 140 ; *Marcy* v. *Amazeen,* 61

N. H. 131.   As it is a well known practice for people who have deposited in their own names the full amount allowed, to open new accounts ostensibly as trustees for others, but in fact for their own benefit, evidence that the intestate had deposited the full amount allowed to his own use was admissible as offering a possible explanation of the form adopted other than the intention to make a gift.   *Brabrook* v. *Boston Five Cents Savings Bank,* 104 Mass. 228.   *Gerrish* v. *New Bedford Institution for Savings,* 128 Mass. 159.   *Northrop* v. *Hale,* 72 Maine, 275, 277.

If the judge was satisfied that the money deposited did not belong to the claimant, and that the claimant was never informed of the deposit, the cases first cited show that it hardly needed the explanation of the form of deposit to allow, if not to require, him to reject the claim, and to find for the plaintiff.

*Exceptions overruled.*