JOSEPH BOOTH *vs.* BRISTOL COUNTY SAVINGS BANK
& another.

Bristol.     October 23, 1894. — November 30, 1894.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Savings-bank Book — Title to Deposit — Instructions — Claimant — Gift.*

In an action to recover money deposited by the plaintiff with the defendant savings bank the exceptions stated that "there was no evidence that the claimant ever gave the book to the plaintiff, except when the claimant ordered the plaintiff to make withdrawals or deposits." The plaintiff requested the judge to rule that it was immaterial to whom the money originally belonged; if the claimant delivered the book to the plaintiff and permitted him to exercise control over the same, the gift was complete, and the claimant could not come in and claim the funds. *Held*, that the ruling was rightly refused.

In an action to recover money deposited by the plaintiff with the defendant savings bank, it appeared that the claimant, who intervened under the St. of 1894, c. 317, § 33, deposited the money and took out the book in the name of the plaintiff. The plaintiff requested the judge to rule that, if the book was delivered to the plaintiff without the intention on the part of the claimant of parting with his title to the funds, the verdict must still be for the plaintiff. *Held,* that the ruling was rightly refused, and that the ruling that it was for the jury to say, upon the evidence, whether the claimant had ever made a gift of the money to the plaintiff, as the plaintiff contended, or whether it was as the claimant contended, was correct.

CONTRACT, to recover money deposited by the plaintiff with the defendant bank. John Booth intervened as a claimant of the fund, under the St. of 1894, c. 317, § 33.

At the trial in the Superior Court, before *Sherman*, J., it appeared in evidence that the savings bank book stood in the name of the plaintiff, and showed various sums deposited and withdrawn from 1886 to 1894 by the plaintiff, who testified that the claimant John Booth, his father, gave him all money so deposited as a present, and that the book had always been kept in a place known only to the plaintiff and the claimant. This the claimant denied, and testified that he himself had always had possession of the book from the time it was issued, that he had never given any of the money to the plaintiff, that it was deposited in the plaintiff's name because the claimant was nervous and a poor writer, and for the sake of convenience,

and that the plaintiff was in the matter acting as the claimant's agent. The claimant called several witnesses, whose testimony tended in some particulars to corroborate his claim. It was admitted that all the money so deposited was originally the money of the claimant. There was no evidence that the claimant ever gave the book to the plaintiff, except when the claimant ordered the plaintiff to make withdrawals or deposits.

A bank clerk testified that the bank never saw, and did not know, the claimant in the matter. The claimant had another deposit and book in the same bank, commencing subsequently to the first deposit on this book, when that deposit had reached over one thousand dollars.

The plaintiff requested the court to rule: " 1. That it was immaterial to whom the money originally belonged ; if the claimant delivered the book to the plaintiff, and permitted him to exercise control over the same, the gift was complete, and the claimant could not come in and claim the funds. 2. That if the book was delivered to the plaintiff without the intention of parting with his title to the funds, the verdict must still be for the plaintiff."

The judge declined so to rule, but ruled substantially that it was for the jury to say, upon this evidence, whether the claimant had ever made a gift of this money to the plaintiff, as the plaintiff contended, or whether it was as the claimant contended, and to return their verdict for the plaintiff or claimant accordingly.

The jury returned a verdict for the claimant; and the plaintiff alleged exceptions.

*F. V. Fuller*, for the plaintiff.

*F. S. Hall*, for the claimant.

LATHROP, J. The first instruction requested in this case was rightly refused. The exceptions expressly state that " there was no evidence that the claimant ever gave the book to the plaintiff, except when the claimant ordered the plaintiff to make withdrawals or deposits."

The second request for a ruling was also rightly refused. The plaintiff contends that, where A. deposits money in a savings bank in the name of B., and takes out a book in the name of B., this is an executed gift to B., and the money

belongs to him.  For this position he cites *Sweeney* v. *Boston Five Cents Savings Bank*, 116 Mass. 384.  It was there held that where a man deposits money in a savings bank in the name of his wife, and has the bank-book made out in her name and delivered to her, he cannot maintain an action against the bank for its refusal to pay the money to him.  This was so decided on the ground that there was no contract between the bank and the plaintiff to pay the money to him.  In this case there was no evidence that the money was deposited by the wife as the agent of her husband; and the case was distinguished on this ground from the case of *McCluskey* v. *Provident Institution for Savings*, 103 Mass. 300, where it was held that it was a good defence on the part of the bank to a suit by a wife, that money deposited in her own name was so deposited at her husband's request and for his benefit, on the ground that these facts would defeat the inference of a gift arising from a deposit in the wife's name, and show that she was acting as her husband's agent.

In the case at bar no question of procedure arises.  The claimant is properly before the court, having been summoned in under the provisions of the St. of 1894, c. 317, § 33 (Pub. Sts. c. 116, § 31); and the only question is whether the plaintiff or the claimant has the better title to the funds.

A deposit in a savings bank in the name of another is not alone sufficient to prove a gift.  *Brabrook* v. *Boston Five Cents Savings Bank*, 104 Mass. 228.  *Sherman* v. *New Bedford Five Cents Savings Bank*, 138 Mass. 581, and cases cited.  *Broderick* v. *Waltham Savings Bank*, 109 Mass. 149.  Nor is the fact that the savings bank book designates the depositor as trustee for another conclusive evidence of the existence of the trust. *Parkman* v. *Suffolk Savings Bank*, 151 Mass. 218.

While the plaintiff excepted to the ruling given, this point has not been argued, except as it is embraced in the argument relating to the refusal to give the two instructions requested. As we are of opinion that the judge properly refused to rule as requested, the order must be,

*Exceptions overruled.*