PENINSULAR SAVINGS BANK *v.* WINEMAN.

GIFT—DEPOSIT IN BANK—HUSBAND AND WIFE.

Where a husband causes a deposit standing in his name in a bank to be transferred to his wife's credit, and a pass-book to be issued in her name, possession of which he retains until his death, the wife signing checks at his request, and the proceeds being used by him for his own purposes, such facts, unaccompanied by any acts or declarations indicating an intention to donate the fund, are insufficient to show a gift to the wife.

Appeal from Wayne; Donovan, J. Submitted February 2, 1900. Decided March 6, 1900.

Bill of interpleader by the Peninsular Savings Bank against Nancy Wineman individually, and Nancy Wineman and Alfred C. Wineman as executors of the last will and testament of Henry Wineman, deceased, to determine the title to certain money on deposit with complainant. From a decree in favor of the estate, Nancy Wineman appeals. Affirmed.

*John J. Speed*, for appellant.

*Charles K. Latham* and *Everett B. Latham*, for appellees.

HOOKER, J.   There is no serious dispute about the facts in this case.   Mr. Henry Wineman had a deposit with the complainant bank of $4,467.46.   On March 12, 1896, he directed the bank to transfer that credit to his wife, Nancy Wineman, and this was done by balancing his account, and crediting that sum to her.   A pass-book was issued in her name, and delivered to him, and this he retained to the time of his death.   He never afterwards had an account with complainant.   On March 31, 1897, he made a deposit of $2,573.50 to her credit.   Three checks were paid, two of which Mrs. Wineman signed; and one was paid without her signature, at Wineman's request, upon the statement that it was inconvenient to obtain it.   This was for only $50.   All were written by the cashier at Mr. Wineman's request.   Mrs. Wineman was not aware that money was deposited in the complainant's bank to her credit, nor did she know that the pass-book was issued in her name, until about a year and a half after her husband's death.   Upon interpleader, a decree was made in favor of the executors, and Mrs. Wineman has appealed.

Counsel seem to concede that the substantial question in the case is whether the acts of the parties amount to a gift of the fund from Wineman to his wife.   To determine this in favor of the widow, it is necessary to find that it was intended by Mr. Wineman as a gift, and this

we are unable to do.  Leaving out of the case her testimony, which was inadmissible under the statute, we cannot find such intention, unless we are to presume it from the fact that he opened an account in her name.  He opened no other account for himself, but thereafter made at least one deposit in this account.  Nothing indicates that his wife knew she had an account, unless it be the fact that she signed two checks; and these were apparently signed at the request of the husband, who himself caused the checks to be prepared, and took them to her for her signature, and used the proceeds for his own purposes.  She may not have known what she signed, or she may have understood that the whole transaction was for her husband's convenience.

The case of *Howard* v. *Savings Bank*, 40 Vt. 597, might justify a decree for Mrs. Wineman, but we think the weight of authority is opposed to the rule there applied.  The Massachusetts and New York authorities cited by counsel hold that a mere deposit in the name of another, unaccompanied by acts or declarations indicating an intention to donate the fund, is not alone sufficient to prove a gift.  *Broderick* v. *Savings Bank*, 109 Mass. 149; *Sherman* v. *Savings Bank*, 138 Mass. 581; *Brabrook* v. *Savings Bank*, 104 Mass. 228 ( 6 Am. Rep. 222); *Booth* v. *Savings Bank*, 162 Mass. 457 ( 38 N. E. 1120); *Farmers'*, etc., *State Bank* v. *Gleason*, 75 Ill. App. 251; *Beaver* v. *Beaver*, 117 N. Y. 421 (22 N. E. 940, 6 L. R. A. 403, 15 Am. St. Rep. 531); *Orr* v. *McGregor*, 43 Hun, 528; *Robinson* v. *Ring*, 72 Me. 140 (39 Am. Rep. 308).  See, also, *Gardner* v. *Merritt*, 32 Md. 78 ( 3 Am. Rep. 115).  In the latter case, and the case of *Blasdel* v. *Locke*, 52 N. H. 243, relied on by the counsel for the widow, there were facts beyond the mere deposit in the donee's name, from which the intention might be inferred.

While there are some Michigan cases upon the subject, we find none that conflict with the cases above cited.  *Love* v. *Francis*, 63 Mich. 181 (29 N. W. 843, 6 Am. St. Rep. 290); *In re Dunlap's Estate*, 94 Mich. 11 (53 N.

W. 788); *O'Neil* v. *Greenwood*, 106 Mich. 572 (64 N. W. 511); *Ackenhausen* v. *Savings Bank*, 110 Mich. 175 (68 N. W. 118, 33 L. R. A. 408, 64 Am. St. Rep. 338); *Holmes* v. *McDonald*, 119 Mich. 563 (78 N. W. 647).

The decree of the learned circuit judge is affirmed, with costs.

MONTGOMERY, C. J., MOORE and LONG, JJ., concurred. GRANT, J., did not sit.