LILLIAN W. WILLIAMS, administratrix, *vs.* MINNIE E.
MOULTON, executrix, & another.

Suffolk.    March 10, 1904. — September 8, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Gift.    Savings Bank.    Assignment.*

Whether one having a deposit in a savings bank, who signs an order directing the
bank to pay the deposit and the dividends thereon to a certain person, makes a
gift of the deposit to the person named, or whether he merely gives the order to
enable the other person to draw money for him as a matter of convenience, is a
question of fact depending on the intent of the assignor.

LATHROP, J.   This is a bill in equity brought by the admin-
istratrix, with the will annexed, of the estate of Edmund Pearson,
against the executrix of the will of Emma A. Montague, and the
Franklin Savings Bank, to recover possession of a savings bank
book issued by the last named defendant to Edmund Pearson,
and also to recover an iron box containing a certain sum of money.
The case was heard before a judge of the Superior Court, on
oral evidence taken by a commissioner appointed under Chancery
Rule 35.

The judge found that Edmund Pearson in his lifetime depos-
ited in the defendant bank the sum of $1,000, and that he
received a deposit book from the bank; that afterwards, on De-
cember 6, 1898, he signed an order directing the bank to pay the
deposit and dividends thereon to the defendant Moulton's testa-
trix; that from then to the day of his death in March, 1903, he
was an old man in infirm health, and was suffering from rheu-
matism which affected seriously the use of his hands, eyes and
feet; that the order was made for the purpose of enabling the
defendant Moulton's testatrix to draw, from time to time, such
portion of the deposit as he should need or desire; that he did
not intend to give, and did not give, the deposit to the defendant
Moulton's testatrix; that he kept control and possession of the
book of deposit, although with other of his property he kept it in
a box which contained property belonging to her, which box had

belonged to him, but which within two years before his death he gave to her.

Subsequently a decree was entered in favor of the plaintiff for the deposit book, and in favor of the defendant Moulton for the iron box and the money therein. It was further ordered that the savings bank be allowed to retain its costs to be taxed by the clerk, and that the defendant pay costs to the plaintiff.

From this decree the defendant appealed to this court, but the plaintiff did not appeal; and the case is before us on a full report of the evidence.

The only question on this appeal is whether the order was given, as the plaintiff contends, merely for purposes of convenience to enable Pearson to make withdrawals without any personal act on his part, or whether, as the defendant contends, the transfer was made as an absolute gift. The evidence in the case was contradictory, but we have no reason to doubt that the judge who saw the witnesses came to a correct conclusion upon the evidence. From the testimony it appears to be a plain case. It would serve no useful purpose to review the evidence, as the question is purely one of fact. *Booth* v. *Bristol County Savings Bank*, 162 Mass. 455.

*Decree affirmed.*

*F. M. Forbush*, for the defendant Moulton.
*E. A. Whitman*, for the plaintiff.