## MARIANNA RAY *vs.* JOSIAH SIMMONS, Administrator.

B. deposited in a savings bank certain moneys in his own name as trustee for R. B. gave
the bank-book to R., who returned it to B., in whose control it remained. B. was
childless. R. was his step-daughter. It was in evidence that B. was a man of few
words, and that he treated R. as his daughter.

In an equity suit by R. against the administrator of B. claiming the deposit as trust funds
held by B. for R. : —

*Held*, that the trust was completely constituted.

*Held*, further, that the trust being constituted, the fact that it was voluntary was no reason for refusing relief.

To constitute a trust it is enough if the owner of property conveys it to another in trust, or
if the owner of personalty unequivocally declares, either orally or in writing, that he
holds it *in præsenti*, in trust for another.

A bill in equity to enforce a trust brought against an administrator alleged that the respondent as administrator withdrew a bank deposit, being the trust funds in question.
The answer alleged the respondent's appointment as administrator in Massachusetts,
and that as such he withdrew the deposit and held the same as part of his decedent's
estate : —

*Held*, in the absence of denial by the administrator that he held the deposit as administrator in Rhode Island, that the court would presume he held it as administrator in Rhode
Island, and would order him to account directly with the complainant, the trust having
been proven.

BILL IN EQUITY to establish a trust.

*December* 27, 1875. DURFEE, C. J. The principal question
in this case is whether the plaintiff is beneficially entitled to a
sum of money which was formerly on deposit in the Fall River
Savings Bank. The deposit was made by the late Levi Bosworth, in his own name, as trustee for the plaintiff, — the account contained in the bank-book which was furnished to Bosworth being headed as follows, to wit : " Dr. Fall River Savings
Bank, in account with Levi Bosworth, trustee for Marianna
Ray, Prov. Cr." The first deposit of $484 is credited as cash,
under the date of April 6, 1868. The account is also credited
with cash, October 31, 1868, $50, and January 8, 1872, $70, and
with divers dividends. All the dividends were credited as they
accrued, except one of $25.66, which was paid to Bosworth,
October 12, 1870. And this was the only money withdrawn
from the deposit by him previous to his death, which occurred
September 15, 1872. The plaintiff, Marianna Ray, is the
daughter of Ruth M. Bosworth, the widow of Levi Bosworth,
by a former husband. She lived in the family of Levi Bosworth for several years previous to his death. Levi Bosworth

had no children. Mrs. Bosworth testifies that he treated the plaintiff as his daughter. She also testifies that the first she knew of the bank-book, Mr. Bosworth brought it home and threw it in the plaintiff's lap. The plaintiff opened and read it, and said she was much obliged for the present. Bosworth said nothing in reply. She, Mrs. Bosworth, put the book in a box where she kept her own bank-book, a bank-book of her daughter, and bank-books belonging to her husband. She says he carried the book to Fall River three times to have the interest entered, and gave it to the plaintiff on his return. He was a man of few words, and would do things without explanation. When he made the last deposit of $70 and gave the plaintiff notice of it, she, Mrs. Bosworth, said to him: "I don't know about your making such presents!" to which he replied, "I shouldn't think you need trouble yourself about it; if anything happens to her, you will hold it."

The plaintiff claims to be entitled to the deposit, as money held in trust for her by Levi Bosworth. The defendant, as administrator on Bosworth's estate, resists the claim. His answer to her bill avers on information and belief that Bosworth made the deposit in his name as trustee for his own convenience, and because he had another deposit in his own name to as large an amount as the bank would receive on any one account, and therefore, to induce the bank to receive the further deposit, he put it in his name as trustee, as is a very common practice in such cases, always retaining the book under his own control. In support of this averment the defendant testified that Bosworth told him, when he was building his house, that he had money deposited in the Fall River Savings Bank, in his own name, to as large an amount as he could deposit in his own name, and in another person's name, but did not say in whose name. He also testified to conduct and admissions, on the part of the plaintiff and her mother, at variance with the plaintiff's present claim. We, however, refrain from reciting this testimony, because, in view of the explanations given by Mrs. Bosworth, we are not prepared to believe that her testimony is substantially incorrect.

The defendant contends that the plaintiff is not entitled to relief, because there was no effectual trust, inasmuch as Bos-

worth, by retaining the book, always kept and intended to keep control over the deposit for his own use, and did in fact so control it by receiving the dividend which was paid to him October 12, 1870.

We think, however, the trust was completely constituted. Levi Bosworth deposited the money in the bank to himself as trustee. The bank, receiving it, credited it to him as trustee, and, from time to time, credited to him as trustee the dividends accruing thereon. It gave him a bank-book in which these credits were entered. Bosworth moreover communicated to the plaintiff the fact that he had made the deposit to himself as her trustee by letting her have the book. It is urged that the book was returned to him by her, and retained by him. But the book was given by the bank to him as trustee, and as trustee he would properly retain it. All was done which the plaintiff could ask, unless she desired to have the money paid or transferred to her, which would be not constituting the trust, but carrying into effect and discharging it. Bosworth might have declared himself more explicitly ; but, supposing his object was to create a trust and make himself the trustee, we can think of no act necessary to effect his purpose which he has left undone.

When the trust is voluntary, courts of equity do not enforce it, so long as it remains inchoate or incomplete ; but when once the trust has been constituted, they do not refuse relief because it is voluntary. *Stone et al.* v. *King et als.* 7 R. I. 358. A person need use no particular form of words to create a trust, or to make himself a trustee. It is enough if, having the property, he conveys it to another in trust, or, the property being personal, if he unequivocally declares, either orally or in writing, that he holds it *in præsenti* in trust, or as a trustee for another. *Ex parte Pye*, 18 Ves. Jun. 140 ; *Milroy* v. *Lord*, 4 De G., F. & J. 264 ; *Richardson* v. *Richardson*, L. R. 3 Eq. 686 ; *Kekewich* v. *Manning*, 1 De G., M. & G. 176 ; *Morgan* v. *Malleson*, L. R. 10 Eq. 475 ; *Penfold* v. *Mould*, L. R. 4 Eq. 562 ; *Wheatley* v. *Purr*, 1 Keen, 551 and note ; *M'Fadden* v. *Jenkyns*, 1 Hare, 458 ; affirmed on appeal, 1 Phillips, 153 ; *Thorpe* v. *Owen*, 5 Beav. 224. And the creation of the trust, if otherwise unequivocal, is not affected by the settlor's retention of the instrument of trust, especially where he is himself the trustee. *Exton* v. *Scott*, 6 Sim. 31 ;

*Fletcher* v. *Fletcher*, 4 Hare, 67 ; *Carson's Adm'r* v. *Phelps*, 14 Am. Law Reg. N. S. 100 ; *Souverbye et ux.* v. *Arden et als.* 1 Johns. Ch. 240 ; *Bunn* v. *Winthrop et als.* 1 Johns. Ch. 329.

In *Wheatley* v. *Purr*, 1 Keen, 551, the settlor instructed her bankers, with whom she had a deposit of £3,000, to place £2,000 in the joint names of the plaintiffs and her own, as trustee for the plaintiffs. The sum of £2,000 was entered by the bankers in their books to the account of the settlor as trustee for the plaintiffs, and a promissory note given for it payable to the settlor trustee for the plaintiffs, or order, fourteen days after sight. A receipt for this note was signed by the settlor and given to the bankers. The trust was held to be effectually created. In our opinion, the case is not distinguishable from the case at bar. Indeed, the case at bar is stronger, in that notice of the trust was communicated to the *cestui que trust.* And see *Millspaugh* v. *Putnam*, 16 Ab. Pr. 380 ; *Howard, Adm'r*, v. *Savings Bank*, 40 Vt. 597.

The counsel for the defendant calls our attention to the declaration made by Mr. Bosworth while his house was building. The declaration was casually made, and may have been misunderstood. But, supposing it was correctly understood, we do not think we can allow it to alter our decision. The trust, except in so far as it was increased by subsequent deposits, was, in our opinion, created before the declaration was made ; and no such declaration made after the creation of the trust could have any legitimate effect on it. The same is true in regard to the withdrawal of the dividend. It may be remarked, also, that the dividend withdrawn was more than replaced by the seventy dollars afterwards deposited.

The counsel for the defendant also calls our attention to the cases of *Brabrook* v. *Boston Five Cents Savings Bank*, 104 Mass. 228, and *Clark* v. *Clark*, 108 Mass. 522. These are cases in which A. deposited money in a savings bank in his own name as trustee for B., but always retained the bank-book, and never communicated to B. any notice of the deposit. They are cases at law. The court ruled that B. was not entitled to the deposit, being neither party nor privy to the transaction. In one of the cases, the court found, as a fact affirmatively proved, that no actual gift or trust was intended. We do not think the cases

are precedents which should govern the decision of the case at bar.

The bill is against the defendant, as administrator on the estate of Levi Bosworth. It alleges that the defendant, as administrator, has withdrawn the deposit and now has it in his possession, and refuses to pay it to the plaintiff. The answer alleges that the defendant was appointed administrator in Massachusetts, and as such withdrew the deposit; but does not deny that he now holds it as administrator in this state, but avers that he now holds the same as a part of the estate of the decedent. From this we presume that he holds it as administrator in this state. In this view, we think the defendant may be held to account directly with the plaintiff, and will decree accordingly.

*Decree, January 22, 1876, ordering the respondent to pay to the complainant the whole deposit, with interest, in the Fall River Savings Bank, standing in the name of Levi Bosworth, trustee.*

*L. & C. M. Salisbury,* for complainant.
*Tillinghast & Ely,* for respondent.

NOTE. — For a commentary on this case see Amer. Law Register N. S. vol. 15, p. 701, December, 1876.