Petition of Joanna E. Atkinson *et al.* for an Opinion of the Court.

A father made a deposit in a savings bank in the name of each of three of his six children, himself as trustee; drew nothing from the deposits, retained the deposit books during his life, told the three children that the money would be theirs at his death, and made no charge nor memorandum nor delivery in presence of witnesses, as required by statute to evidence an advancement.

*Held,* that there was a completely constituted trust in favor of each of the children, that they were entitled to the deposits on the father's death, and should not account for them as advancements from his estate.

A deposit, with like circumstances attending it, was made in the name of another child. Subsequently the father withdrew this deposit, with interest, and invested it in his individual name.

*Held,* that this child also had a completely constituted trust in his favor, and was entitled to the deposit, with interest both from the original and subsequent investment; that the deposit was not an advancement, and that the father, having completely constituted the trust, could not revoke it.

CASE STATED for an opinion of the court under Pub. Stat. R. I. cap. 192, § 23.

*January* 26, 1889.  DURFEE, C. J.  This is a case stated for the opinion of the court.  It shows that William Atkinson died intestate, February 18, 1888, leaving a widow and six children, three sons and three .daughters, parties to the statement, the widow being likewise administratrix on his estate.  He left personal estate to the amount of $17,000 in excess of all his debts and liabilities and of the deposits hereinafter mentioned.  On January 15, 1885, he deposited $2,000 of his own money in the Mechanics Savings Bank, making an entry on the signature book of the bank as follows, to wit, "Willie J. Atkinson, William Atkinson, trustee."  The bank opened an account in form following, to wit, "Mechanics Savings Bank in account with Willie J. Atkinson, William Atkinson, trustee," and gave to William Atkinson a pass book, in which the account was entered in the same manner, which book said William retained until October 19, 1886, when he drew the deposit and interest, and invested the same in his individual name.  Likewise, January 15, 1885, he deposited in the same manner $2,000, in the names respectively of Samuel M. and Robert W. Atkinson, and $1,000 in the name of Anna L. Atkinson.  Said Willie J., Samuel M., and Robert W. were the sons of William Atkinson.  Anna L. was one of his daughters, and had served him as confidential clerk and bookkeeper for about fourteen years.  He drew no part of the principal or interest of either of the last three accounts, but retained the deposit books until he died.  He told each of the four, in his lifetime, that he had made the deposits for them, and that the money would be theirs at his death.  He neither made nor caused to be made any charge or memoranda of the deposits other than as above stated, and never delivered to either of his children the pass book of the deposits standing in his or her name.  He made no deposit or gift to his other two children except small and ordinary presents.  The principal question is whether the deposits are to be regarded as gifts or advancements under the statute, Pub. Stat. R. I. cap. 187, § 20,[1] and if

---

[1] As follows :

"SECT. 20.  If real estate shall be conveyed by deed of gift, or personal estate shall be delivered to a child or grandchild, and charged, or a memoran-

they are to be regarded as gifts, what claim has William J. on the assets for the withdrawal of the deposit for him.

We do not see how the deposits can be regarded as advancements, since they were never charged to the children, nor was any memorandum made of them, as the statute requires for advancements. The writing in the bank book and in the pass books was simply the writing which was appropriate to the deposits, between the bank and the depositor, and in our opinion cannot be deemed to be a charge or memorandum within the meaning of those words, or either of them, as used in the statute.

The case stated seems to us to be identical in its material features with the case of *Ray* v. *Simmons*, 11 R. I. 266, unless it can be distinguished in point of principle from the latter case, by reason of the difference in the form in which the deposits were entered. In *Ray* v. *Simmons* the form of entry was "Dr. Fall River Savings Bank, in account with Levi Bosworth, trustee for Marianna Ray, Prov. Cr." The depositor received a pass book in which the same form was used. He handed this book to Miss Ray, who read the entry and thanked him for his present, but did not retain the book. The question came up in the settlement of his estate whether the deposit was a part of the estate or should go to Marianna Ray, and the court held that it should go to her, being of the opinion that a trust for her in respect of the deposit had been completely constituted. The same view had been previously taken by the Supreme Court of Connecticut in *Minor* v. *Rogers*, 40 Conn. 512, though that fact was not known to this court when *Ray* v. *Simmons* was decided. And the decision in *Ray* v. *Simmons* has been followed in New York, in *Martin* v. *Funk*, 15 N. Y. 134, in which case an elaborate opinion was delivered by Chief Justice Church. There are cases which hold otherwise, but it seems to us that the courts which decided them did not sufficiently distinguish between a gift, which requires a delivery of the thing given, actual or symbolical, and the creation of a voluntary trust which requires for its conservation, not a delivery

dum made thereof in writing by the intestate or by his order, or shall be delivered expressly for that purpose in the presence of two witnesses, who were desired to take notice thereof, the same shall be deemed an advancement to such child, to the value of such real or personal estate."

of the subject of the trust to the beneficiary, but a retention of it by the trustee for the beneficiary's benefit; and, of course, where the donor makes himself the trustee, a retention of it by the donor as trustee for his benefit.

The question, then, is whether the case stated differs materially from *Ray* v. *Simmons,* owing to the different manner in which the deposit was entered. We do not think it does. We think it is plain that the intention of the depositor was not to give the deposits directly to the children. severally named in them, but to give them through the medium of as many trusts wherein he himself should be the trustee for them ; and the deposits being deposits of money or personalty, we know of no technical rule which prevents our construing them according to their essential character as determined by the intention. Deposits in this form appear not to be uncommon in this State, and have been treated by this court in a previous case as deposits in trust. It follows that the aforesaid Samuel, Robert, and Anna are entitled to have the money deposited for them, and to hold it as their own without accounting for it in the settlement. The said Willie J. is also entitled to the money deposited for him, with the interest which has accrued thereon, both under the original and later form of deposit; for, the deposit having been kept entire, we think it is fair to suppose that the purpose was simply to transfer it from one bank to the other without violating the trust. The trust having once been completely constituted, the trustee had no power to revoke it. The declaration of the trustee to the beneficiaries, as above stated, shows that he understood it to be completely constituted, and is inconsistent with the suggestion that the deposits were made in the form of trusts to evade any rule of the bank. The case stated does not show that there was .any rule of the bank limiting the deposits.

We think the foregoing sufficiently answers the questions propounded by the case stated.

*Jacob W. Mathewson,* for the claimant children of William Atkinson.

*Louis L. Angell,* for the administratrix.