PEOPLES SAVINGS BANK *vs.* JAMES H. WEBB *et al.*

PROVIDENCE—MARCH 6, 1899.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1)   *Trusts.*

J. H. W. deposited a fund in the Peoples Savings Bank, in the name of "J. H. W., Trustee for F. E. W."   The latter was his infant son.   The amount of the deposit was recorded in a deposit book which was given to the former.   The fund was subsequently claimed by both parties, whereupon the bank filed its bill of interpleader praying that they might be ordered to interplead and adjust their respective claims to the fund :—

*Held*, a depositor is not conclusively bound by the mere form of a deposit as trustee for another.

*Held*, further, the creation of a trust, as to a deposit, is a question of intention, and so a question of fact.

*Semble:* The general rule is that there must be a present intent to make a trust at the time, and an execution of the intent by some act, such as delivery of the evidence of title, or a notice and acceptance of the trust, and the intent and act must be such as to give a present right or benefit to the donee.   When any of these elements are wanting, the trust is incomplete.

*Semble:* The strictest rule in favor of a trust seems to be that the intention to create one may be presumed when the depositor dies, leaving the matter unexplained and the apparent intention undisputed.

(2) *Evidence.*

*Held,* further, a depositor not being barred of his claim by reason of the form of the deposit is a competent witness on the question of intent. While he would not be allowed to testify to defeat a trust once constituted, he may be admitted to show that no trust was created at all.

*Held,* further, in the absence of other testimony, showing notice to or acceptance by the beneficiary, the statement made by the father to his wife of what he had done, assuming it to be competent, is not sufficient to establish the trust. The communication is presumably confidential.

Bill of Interpleader. Heard on bill, answers, and replications. The facts are stated in the opinion.

Stiness, J. The question in this case is whether James H. Webb, by depositing money in a savings bank in his own name as trustee for his son, Fred E. Webb, constituted a trust, in the absence of any intent on his part so to do, other than in case of his death, and also, in the absence of any other evidence of a present intent, either by notice to the beneficiary or otherwise. Two points are involved : *First,* whether a trust is created by the terms of the deposit, as a conclusion of law ; and, *second,* whether the testimony of the depositor is now admissible, as to his intention at the time of the deposit, upon the question of fact.

Many cases of this kind have arisen, under a variety of circumstances. We find deposits as trustee · for another ; "in trust for" another ; in the name of another ; in the name of the depositor and another, or the survivor of them ; with and without notice to the one who is named as beneficiary ; and with and without evidence of the intent of the deposit. Where one appears to have made a purely gratuitous disposition of his funds for the benefit of another, free from any legal or moral obligation to the donee, the act should be construed with liberality, rather than with strictness, towards the original owner. If he has completed a trust or gift, a court must execute it ; if it is inchoate, there is nothing for a court to carry out. The underlying question, both in trusts and gifts, is the intention and act of the

donor. Hence we find the same general rule in both classes of cases. There must be a present intent to make a trust or gift at the time ; there must be an execution of the intent by some act, such as delivery of the evidence of title, or a notice and acceptance of the trust, and the intent and act must be such as to give a present right or benefit to the donee. When any of these elements are wanting, the gift or trust is incomplete. Examples of a completed trust are found in *Tillinghast* v. *Wheaton,* 8 R. I. 536 ; *Ray* v. *Simmons,* 11 R. I. 266 ; and *Atkinson, Pet.,* 16 R. I. 413. A gift was held to be consummated, in the first case, by the delivery of a savings-bank book ; in the second, where one deposited money in his own name as trustee for his step-daughter and showed her the pass-book ; and in the third, where there was a similar deposit, with no delivery of the book, but the depositor told his children what he had done, thus completing the constitution of · the trust. This last case points out the distinction between a gift, which requires a delivery of the thing given, actual or symbolical, and the creation of a voluntary trust, which does not require a delivery of the subject of the trust, but a retention of it by the trustee for the beneficiary's benefit.

In *Case* v. *Dennison,* 9 R. I. 88, a gift, *causa mortis,* was held to be incomplete without delivery ; and in *Prov. Institution* v. *Carpenter,* 18 R. I. 287, a trust was held to be incomplete because it was not to take effect until the depositor's death, she to have the benefit and control of the fund in the meantime. In that case, referring to authorities which were cited, we said that they differed in regard to what would amount to an execution of the trust, but agreed in saying that the donor must hold the fund, *in præsenti,* as trustee, which element was lacking in the case then before us. In mentioning the difference, as to the execution of a trust, we remarked that in New York the mere deposit as trustee was sufficient ; while the Massachusetts rule required an acceptance, by notice or otherwise, to complete the gift, upon · the ground that a mere deposit as trustee, while the depositor retains control of the deposit, only shows an inchoate pur-

pose on his part, which he may afterwards conclude not to carry out and which he does not carry out until he notifies the beneficiary and the gift is presumed to be accepted.    The statement of the New York rule was made upon the authority of *Martin* v. *Funk*, 75 N. Y. 134, cited also in *Willis* v. *Smyth*, 91 N. Y. 297 ; *Mabie* v. *Bailey*, 95 N. Y. 206 ; *Beaver* v. *Beaver*, 117 N. Y. 421.    Since then, however, the case of *Cunningham* v. *Davenport*, 147 N. Y. 43, on the plaintiff's deposit of money as trustee for his brother, has held that these cases only decide that a trust is created "*when the depositor dies before the beneficiary, leaving the trust account open and unexplained.*"    In other words, that, *prima facie*, such an account is a trust.    The case further holds that Cunningham's denial of an intention to create a trust or to make a gift was sufficient.    It is summed up in these words : "We have presented here the case of a man who takes his own money and deposits it to his own credit in trust for another, making no disclosure or publication of the trust, treating it apparently as a mode of transacting his own business, and then survives the proposed beneficiary. We are of opinion that such a transaction does not create a trust."    Comparing this statement with *Brabrook* v. *Boston Savings Bank*, 104 Mass. 228, we find that the New York and Massachusetts rules are not now substantially different. See, also, *Clark* v. *Clark*, 108 Mass. 522 ; *Broderick* v. *Waltham Bank*, 109 Mass. 149 ; *Scott* v. *Berkshire Bank*, 140 Mass. 157 ; *Weber* v. *Weber*, 9 Daly (N. Y.), 211 ; *Decker* v. *Union Sav. Ins.*, 44 N. Y. Supp. 521 ; *Stone* v. *Bishop*, 4 Cliff. 593.    In *Minor* v. *Rogers*, 40 Conn. 512, the depositor had told the parents of the beneficiary of the deposit, and a majority of the court, mentioning this, found the fact of an intention to create a trust.    The opinion indicates, however, that the deposit itself, unexplained, might have been sufficient.

The respondent Fred E. Webb calls special attention to the following cases : *Conn. River Bank* v. *Albee*, 64 Vt. 571.    In this case a father had made a deposit, as trustee for his son, and died.    It was, therefore, like *Martin* v. *Funk*, a

*prima facie* trust unexplained. *Estate of Smith*, 144 Pa. St. 428.   There a man bought bonds, which he placed in an envelope with a statement that they were held for his nephew and godson.   He also entered them on his pocket memorandum book as the property of the nephew, to whose credit he placed the interest collected on the bonds.   He showed these entries to another nephew.   Upon his death it was held that the trust was established, without deciding whether the donor might have revoked the declaration in his life-time. *Bath* v. *Hathorn*, 88 Me. 122, was also a deposit in trust, where the donor had died.   The court supports it as a *prima facie* trust, adding : "It might have been controlled by evidence that would have shown a contrary intention, but such evidence is wholly wanting."

(2)   Many more cases might be cited, but these are sufficiently illustrative.   There is unanimous agreement that the creation of a trust, as to a deposit, is a question of intention, and so a question of fact.   None of them hold that a trust is conclusively constituted by the deposit itself.   Some go so far as to hold that a deposit in the name of another, without any mention of a trust, is still open to inquiry. *Broderick* v. *Waltham ; Scott* v. *Berkshire ;* while others hold that the trust is not complete without notice to the donee, and acceptance. *Brabrook* v. *Boston Bank ; Cunningham* v. *Davenport.*   The strictest rule in favor of the trust seems to be this—that the intention to create one may be presumed when the depositor dies leaving the matter unexplained and the apparent intention undisputed.   It is certainly clear that the depositor is not conclusively bound by the mere form of a deposit as trustee for another.   This proposition rests upon the good reason that one who is dealing with his own property, either ignorantly, or for convenience, or pursuant to a purpose not fully determined or executed, should not be held to have dispossessed himself against his will.   We therefore hold in this case that the depositor is not barred of his claim by reason of the form of the deposit.   This being so, he is clearly a competent witness on the question of intent.   He alone, in most cases, can explain his conduct and testify to

his intent. While he could not be allowed to testify to defeat a trust once constituted, he may be admitted to show that no trust was created at all. Reference to the cases cited above will show that, where the depositor survived, he was allowed to testify without question, and some of the cases expressly declare his right so to testify.

In this case we find that the respondent James H. Webb had no intent to create a trust, other than testamentary, which would be ineffectual because it was not a trust *in præsenti;* and that there was neither notice to nor acceptance by the respondent Frederick E. Webb. The only thing which can be claimed in this respect is that the father told his wife what he had done. In *Minor* v. *Rogers, supra,* where a woman deposited money in her name as trustee for a boy who worked for her, and told his father of the fact, the court said : "It is evident that she did all that she thought necessary to be done to perfect the gift, and supposed that she had accomplished the object." We think, however, that the same effect should not be given to a statement made by a husband to his wife, assuming it to be competent, as to a statement made to a stranger. The former is presumably confidential ; the latter presumably evidence of a purpose or intent.

We are therefore of opinion that no trust was constituted in this case, and that the claimant James H. Webb is entitled to the fund in question.

*James, Wm. R., and Theodore F., Tillinghast,* for complainants.

*Lewis A. Waterman,* for James H. Webb.

*Willard B. Tanner,* for F. E. Webb.