FRANK W. SLEPKOW, Admr. *vs.* WILLIAM H. McSOLEY, Guardian, *et al.*

APRIL 18, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

MURDOCK, J. This is a bill in equity brought by the administrator of the estate of Alice E. Breault to establish the ownership of a fund on deposit in bank. The respondents are the guardian of the intestate's minor son, Woodrow W. Welch, the grandmother of Woodrow Welch, Phebe Roullard, and the Industrial Trust Company. Said trust company filed an answer which expressed indifference as to the disposition of the fund in its possession. Phebe Roullard claimed that $3,000 of the fund belonged to her and the guardian of the infant son in his answer admitted that the fund belonged to the complainant.

The bill is, in substance, a bill of interpleader. Alice E. Breault, plaintiff's intestate, died May 25, 1933. Surviving her are Woodrow W. Welch, a son by a former marriage, her mother, said Phebe Roullard, and her husband, George H. Breault, whom she married on October 31, 1932, less than a year before her death. She left on deposit in the Industrial Trust Company about eleven thousand dollars standing in the name of Alice E. Welch, trustee for Woodrow W. Welch. Phebe Roullard, her mother, claims $3,000 of this fund as money advanced by her to her daughter to be placed on deposit.

The guardian of Woodrow W. Welch appears to have become convinced from his examination of the law that his ward had no right to the fund and accordingly in his answer as guardian not only waived all claim to the same but averred that it should be paid to the administrator of the estate of

Alice E. Breault. A guardian has no authority to waive any right of his ward. In *Greene* v. *Mabey*, 35 R. I. 11, this court said: "Courts have always been exceedingly zealous in guarding the rights and interests of minors. They have usually permitted guardians and guardians *ad litem* to do such things as were clearly to the advantage of the ward and when the advantage to the ward was not clear they have instituted inquiry and have sometimes referred the question of advantage to a master before giving heed to the agreement of such guardian. . . . The courts have been practically unanimous in holding that a guardian *ad litem* can admit nothing against and waive nothing in favor of his ward, but that the adversary of such infant must prove his whole case whether it be in law or in equity and it makes no difference if such admission or waiver is contained in and forms a part of the answer filed by such guardian."

The obvious duty of the guardian was either to have set up in his answer a claim to the fund in behalf of his ward or to have submitted his rights thereto to the determination of the court. *Rossi for an Opinion*, 50 R. I. 147; *Woodworth* v. *Baker*, 48 R. I. 99. The answer of the guardian has no binding effect on the ward and we shall inquire into his right to the fund as though his interests had been submitted to the care of the court. *Rhode Island Hospital Trust Co.* v. *Hodgkin*, 48 R. I. 459.

The trial justice found that Phebe Roullard had no right to any part of the fund in question. After reading the record we can not say that the trial justice was clearly wrong in his finding of facts, and he is therefore sustained in this aspect of the case.

The right of Woodrow W. Welch to the fund depends on the question as to whether there was a trust created for his benefit by his mother in her lifetime. We start with the undisputed fact that the account stands in the name of Alice E. Welch, trustee for Woodrow W. Welch. There is a relation between gifts and voluntary trusts in their creation in that the underlying question is whether the donor by

intention and act has completed the transaction. *Tillinghast* v. *Wheaton,* 8 R. I. 536; *Ray* v. *Simmons,* 11 R. I. 266; *Atkinson, Petitioner,* 16 R. I. 413; *Peoples Savings Bank* v. *Webb,* 21 R. I. 218.

The distinction between a gift and a voluntary trust is that in case of the former delivery is required either actual or symbolic while in the latter case the *res* or subject matter of the trust is retained by the donor for the benefit of the beneficiary. *Ray* v. *Simmons, supra.* The mere making of a deposit as trustee for another is not conclusive evidence of intention to create a voluntary trust. The depositor may testify that he did not intend to create a trust. *Peoples Savings Bank* v. *Webb, supra.* But when the donor dies before the beneficiary, leaving an unexplained account in the form of a trust, there is at least a *prima facie* case of the creation of a trust. *Cunningham* v. *Davenport,* 147 N. Y. 43; *Minor* v. *Rogers,* 40 Conn. 512.

While the above principle was not directly involved in *Peoples Savings Bank* v. *Webb, supra,* it was there discussed and approved. In *Atkinson, Petitioner, supra,* it was held that a trust was created when the donor, after making a deposit in trust, communicated that fact to the beneficiary. Woodrow W. Welch, who is 16 years of age, testified that his mother told him that she had put money in the bank for him. It is true that he retracted this testimony after a recess of the court during which his stepfather talked with him in a manner which excited the suspicions of counsel who examined him at length as to why he changed his testimony. His answers are not convincing and we are satisfied that his change of testimony was not uninfluenced. The boy's testimony on direct examination as to what his mother told him was given naturally and artlessly and we accept it as true notwithstanding his attempt to retract.

We have then a case where the donor deceased before the beneficiary, leaving open an unexplained account standing in her name as trustee, thus making a *prima facie* case of an executed trust which has not been overcome by any reliable

**214**

testimony, and also a case where the fact that the deposit was made for the benefit of the beneficiary was communicated to him. *Atkinson, Petitioner, supra.*

Our conclusion is that the fund in question belongs to Woodrow W. Welch.

The appeal is sustained to the extent of reversing the decree. A decree in accordance with this opinion may be presented to this court for entry in the Superior Court.

*Judah C. Semonoff, Edmund J. Kelly,* for complainant.
*William H. McSoley, Louis V. Jackvony,* for Guardian.
*Archambault & Archambault,* for respondent Roullard.