ESTATE OF PATRICK J. MALLEY *vs.* DELIA MALLEY.

NOVEMBER 10, 1943.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This cause is here on respondent's appeal from a decree of the superior court declaring her to be the trustee for the complainant of certain money which was on deposit with the Industrial Trust Company at the death of her husband, Patrick J. Malley. Such money then stood in a savings account in the name of "Patrick J. Malley, trustee for Delia Malley." On December 11, 1940, shortly after Patrick's death, the respondent claimed the exclusive beneficial

right to this money under the form of the account and withdrew all of the money from the bank and closed the account.

Upon learning of this action of the respondent, Patrick's sons, by a former marriage, James J. and George A. Malley, claimed that their father never intended the respondent to be the exclusive beneficiary of the account, but, on the contrary, intended that he should retain ownership of it as long as he lived and that after his death it was to be divided into three equal shares for them and the respondent. Accordingly they demanded that the respondent surrender to their father's executor the amount which she had withdrawn. Upon her declining to do so, they called upon the executor to take action against her to compel such surrender. The executor refused to act. The sons then brought the instant bill of complaint, under general laws 1938, chapter 575, § 50, for and on behalf of the estate of Patrick J. Malley to have respondent declared trustee of the withdrawn funds for the benefit of the estate.

When Patrick married the respondent on November 27, 1924 he had a savings account with the Industrial Trust Company in the names of "Patrick J. Malley or Margaret Malley" in the sum of about $4000. After the death of Margaret Malley, who was his first wife, this account was not closed by him until November 25, 1927, almost three years after his marriage to the respondent. On that day he opened a new account in the amount of $4007.51 in the name of "Patrick J. Malley, trustee for Delia Malley," which is the subject matter of this suit. Additional deposits were made in this account from time to time and interest was allowed to accumulate until at the date of Patrick's death the total of the deposits was $6126.65. During the life of the account frequent withdrawals had been made by Patrick to meet his own personal and family needs, and also on some occasions to pay the taxes assessed on certain real estate owned by him, and on other real estate owned by the respondent alone.

It is undisputed that by far the greater part of the money in the account came from the original joint account of Patrick J. Malley or Margaret Malley and that such account was the result of Margaret Malley's savings from the earnings of Patrick and the two sons who, from the respective ages of fourteen and fifteen, worked regularly at substantial wages and turned them over to their mother. It is also undisputed that, after the death of Margaret, Patrick acknowledged this fact to his sons and assured them that after his death they would share equally in this account, as they had helped their mother to accumulate it. And on the eve of his second marriage he assured one of the sons that his taking a second wife would make no difference in this matter to them. Later, after his marriage, he again assured them that the money was to go to them and that they were to share it with respondent, as she had been a good wife to him.

When Patrick closed the original account and opened the new one as trustee for the respondent he did not inform either of his sons and they did not inquire about it. However, on one occasion after he had opened the new account he stated that the money in the bank was his and that after his death it was to be divided equally among his sons and the respondent. And on another occasion, shortly before his death, he repeated the same statement substantially and, according to the testimony of one of the sons, the respondent was present at that time and said nothing when such statement was made. The respondent however denied that she was present or heard such statement. It is undisputed, nevertheless, that Patrick on several occasions made gifts or a loan to his sons by withdrawals from the account; that the respondent knew of these withdrawals for such purposes; and that she did not object to any of them being made nor did she object after they had been made.

Patrick left a will in which he devised his homestead estate on Burnside street in the city of Providence to his wife for her life, with remainder over to his two sons. He also devised and bequeathed all the rest and residue of his estate to his

wife Delia and his two sons in equal third parts and provided further that all inheritance taxes should be paid out of such residue. The executor did not make any claim to the bank account in question and he informed the sons that such residue consisted of only $30.

It appeared from the evidence that when the respondent married Patrick she had a substantial bank account in her own name and that it remained in that form throughout her marriage, except that it was changed from Delia Harn or Horan, her maiden name, to Delia Malley in December 1929. Patrick J. Malley knew of this account and in a conversation with one of his sons and also on another occasion in conversation with respondent spoke of it; but it does not appear that he ever disclosed any desire to have his name added to her account.

It is contended by the sons on behalf of their father's estate that the evidence shows that it was the understanding of Patrick J. Malley at all times during his married life with the respondent that he owned the money on deposit in the Industrial Trust Company and that he did not intend to part with such ownership when he had the account changed seemingly to a trust account. They also urge that this so-called trust was not fully constituted because Patrick did not give and did not intend to give the respondent, when he changed the account on November 25, 1927, a beneficial interest *in praesenti* in such account. They argue that what he did intend was that she should have this account after his death; that it should then be divided equally among the three of them and that such intention cannot be given effect, it being testamentary in character and lacking the prerequisite formalities for a good testamentary disposition. The trial justice sustained these contentions and in doing so the respondent contends here that he committed reversible error.

We have carefully read the transcript and have considered the trial justice's analysis of the evidence upon which he based his findings of facts. His inferences from the undisputed evidence are reasonable and support those findings.

Therefore we cannot say that he was in error in finding as he did that Patrick J. Malley did not have an intent to create a trust *in praesenti* for the respondent, and in further finding that it was the intent of Patrick to retain exclusive beneficial control over this account until his death and that he did exercise such control for his own benefit.

The respondent, however, argues that the trial justice erred in applying the law governing savings account trusts in this state and that he erroneously applied the test of control over the deposit by the donor which, though applicable in the case of joint accounts, is not applicable in the case of trust accounts. If the trial justice had actually done what respondent charges him with, there would be merit in her contention. But we do not so understand his findings with reference to the control exercised by Patrick J. Malley over the account. What the trial justice is talking about when he speaks of that matter in his decision is control over the account for Patrick's own benefit, or for that of his sons when he made loans, or gifts to them, indicating that he did not at any time consider that this account belonged beneficially to the respondent.

Of course, only the trustee under this form of account could make withdrawals and, if the evidence here only went to that extent without anything further, it would not be of much help to the complainant in showing that the intent of Patrick J. Malley was contrary to the form of the account. But here we have a considerable amount of evidence to the effect that he did not intend by thus changing his account to divest himself of the ownership thereof and vest in the respondent the sole beneficial interest therein. And in this connection his own conduct with reference to the account is significant. It is corroborative of the testimony that Patrick had said several times that the money in the account was his and that he wanted it to go to his sons and the respondent after his death. Significant also is his will, in which he directs that all the residue of his estate after the devise of his real estate shall go in precisely such man-

ner. Besides his homestead, he had no other estate except this bank account and it is reasonable to infer that, even though he did not make a specific bequest of such account, he had it in mind when he thus disposed of what was left of his property and directed that inheritance taxes be paid out of such residue.

We cannot assume, as the respondent suggests, that this residuary clause was a mere formality on the part of the scrivener of the will and therefore not entitled to weight in determining whether or not the testator had the money in this bank account in mind as a part of his estate. We think it is to be considered, along with the other evidence in the case, in explaining Patrick's intention when he opened the bank account in the form of a trust for the respondent.

The law of voluntary trusts of this character is well settled in this state. In their creation they are like gifts, as the fundamental question in each instance is whether the donor has, by both act and intention, completed the gift or trust. Hence it has been held that, where the donor dies before the beneficiary leaving the account unexplained, "The test is the intention with which the deposit was made or was changed." *Blackstone Canal National Bank* v. *Oast*, 45 R. I. 218, 223. The form of the account is no more than a *prima facie* case of the creation of a trust. *Slepkow* v. *McSoley*, 54 R. I. 210. It is to that extent evidence of the donor's intention to create a trust and is entitled to weight but it is not conclusive. Statements made by the donor in regard to the account as well as his conduct with reference to it are also evidence to be considered in determining his intent.

Of course, when it is shown that the donor of the trust has at a certain time completed the trust by both act and intention, the trust is then irrevocably constituted. Thereafter he cannot, in the absence of a reservation of a right to do so, revoke the trust or otherwise change it. Thus it has been held that, while the settlor trustee is a competent witness of his intent in creating the trust account, he can-

not be allowed to defeat a trust once constituted but may be permitted only "to show that no trust was created at all." *Peoples Savings Bank* v. *Webb,* 21 R. I. 218, 223.

The evidence in the instant case, we think, is consistent with the view which the trial justice took that Patrick J. Malley did not intend to, and did not, create a trust when he opened this account. His conduct with reference to the account is clearly inconsistent with any idea on his part that he had given the account outright to the respondent. And his statements with reference to it clearly show that from the beginning he considered the money in the account belonged to him and that it was not to go to the respondent until after his death. Respondent's own testimony in part corroborates this view.

The respondent testified that she never expected to get the money in the account without her husband's permission; that he never indicated to her that he had given her the money outright; and that, although he told her when he was making withdrawals for his own needs, he never asked her for her permission to do so. In fact, there is little if anything in the record, aside from the form of the account, that tends to show that it was his intention to divest himself completely of the ownership of this money and vest it in her.

After carefully considering the trial justice's decision in the light of our own perusal of the transcript, we are of the opinion that he did not err in his application of the law to the facts found.

The respondent's appeal is therefore denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Charles A. Curran,* for complainant.

*C. Bird Keach;* for respondent.