**1056**

**PARAMOUNT RESTAURANT SUPPLY CORP.**

v.

**James R. RYAN, Jr., Alias.**

**No. 93–179–Appeal.**

Supreme Court of Rhode Island.

Feb. 24, 1994.

Marc Wallick, East Providence.

Maryjo Carr, Newport.

ORDER

This matter came before a panel of the Supreme Court on February 15, 1994 pursuant to an order requiring the defendant to appear and to show cause why his appeal should not be summarily decided.

The defendant appeals from a Superior Court judgment in favor of the plaintiff in the amount of $15,000. The findings of a trial justice sitting without a jury are accorded great weight and will not be disturbed unless the trial justice misconceived or overlooked material evidence or was clearly wrong. *Green v. Green*, 559 A.2d 1047, 1048 (R.I.1989). After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, it is the conclusion of this court that cause has not been shown. The trial justice did not misconceive or overlook material evidence, nor was he clearly wrong.

The defendant's appeal is therefore denied and dismissed and the judgment appealed from is affirmed.

WEISBERGER, J., did not participate.

**Joseph ROMANO et al.**

v.

**ALLSTATE INSURANCE CO.**

**No. 93–261–Appeal.**

Supreme Court of Rhode Island.

Feb. 24, 1994.

Orando Andreoni.

Paul Anderson.

ORDER

This case came before a panel of the Supreme Court on February 15, 1994, pursuant to an order directing the plaintiffs to appear and to show cause why the issues raised in their appeal should not be summarily decided. The plaintiffs appealed the denial in Superior Court of their motion for a new trial and the entry of judgment in favor of Allstate Insurance Company.

The plaintiffs' son, a minor, was injured while riding his bicycle in South Kingstown, Rhode Island. After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown.

With respect to the errors claimed by plaintiffs, we are of the opinion that there is no evidence that the trial justice abused her discretion or was clearly wrong regarding the granting of a motion to view the scene of the accident, which is entirely discretionary with the court, or determining the relevancy of proffered information or testimony. *State v. Austin*, 462 A.2d 359, 367 (R.I.1983). The trial justice gave a series of standard instructions about general rules governing bicycles and motorized vehicles, and was not clearly in error in so doing. The trial justice correctly denied the motion for a new trial in light of her charge to the jury, the weight of the evidence, and the credibility of witnesses. *International Depository, Inc. v. State*, 603 A.2d 1119, 1123 (R.I.1992).

The plaintiffs' appeal is therefore denied and dismissed, and the judgment appealed from is affirmed.

WEISBERGER, Acting C.J., did not participate.