## PROVIDENCE COUNTY.

---

PROVIDENCE INSTITUTION FOR SAVINGS *vs.* MARY F. CARPENTER *et al.*

M. H. transferred a savings bank deposit which was in her own name to a new account in the names of "M. H. or M. F. C.;" the understanding between M. H. and M. F. C. being that M. H. was to own the deposit during her life and after her death M. F. C. was to have it for application to charitable uses.

*Held,* that the deposit belonged to the administrator of M. H., the transfer not being a gift *inter vivos* nor a constituted trust, but merely an abortive testamentary disposition.

BILL OF INTERPLEADER.

*May* 29, 1893.   STINESS, J.   From the evidence in this case it appears that Margaret Hart, deceased, had a deposit in the complainant bank, in her own name, which she transferred, May 12, 1892, to a new account in the names of "Margaret Hart or Mary F. Carpenter."   The understanding was that the money was to remain the property of Margaret Hart during her life, subject to her own control, and at her death to be the property of Miss Carpenter, for the purpose of applying it to religious and charitable uses.   The question is whether, under the facts, the fund belongs to the administrator of the estate of Margaret Hart or to the respondent Mary F. Carpenter.   On the part of the last named respondent, it is claimed that the transaction amount-

ed to a gift *inter vivos,* or at least to a valid declaration of trust in her favor. The cases cited in support of this claim, *Ray* v. *Simmons,* 11. R. I. 266 ; *Gerrish* v. *New Bedford Institution for Savings,* 128 Mass. 159 ; *Martin* v. *Funk,* 75 N. Y. 134 ; *Miller* v. *Clark,* 40 Federal Reporter, 15 ; *Buckingham's Appeal from Probate,* 60 Conn. 143, are cases where the court found a trust declared and impressed upon the deposit *in præsenti,* after which a retention of the bank book or a withdrawal of funds by the depositor was done in the capacity of trustee. The cases all agree that to transfer title there must be a completely executed gift or trust. They differ in regard to what constitutes such an execution. In New York it is held that the mere deposit as trustee is sufficient ; while the Massachusetts rule requires an acceptance, by notice or otherwise, to complete the gift, upon the ground that the mere deposit as trustee, while the depositor retains control of the deposit, only shows an inchoate intention on his part, which he may afterwards conclude not to carry out and which he does not carry out until he notifies the beneficiary and the gift is presumed to be accepted. The uniform rule, however, as recognized in *Ray* v. *Simmons,* is that the circumstances must show that the donor holds the fund, *in præsenti,* as trustee for another. This element is wholly lacking in the present case. Not only was it understood by the parties that the money was to belong to Margaret Hart while she lived, but under the form of the deposit she was enabled to withdraw the whole and to apply it to her own use, without a breach of any trust, express or implied. The arrangement was of a purely testamentary character. *Savings Bank* v. *Fogg,* 82 Me. 538, was an exactly similar case. The deposit was in account with D. or H. and the survivor claimed the fund. The court held that it was not a gift ; the evidence showing an intention to give but not during life, since the death of the depositor was to be a condition precedent to the complete transfer to the donee. In *Dougherty & Reilly* v. *Moore,* 71 Md. 248, the deposit was in the name of a depositor and wife, "and the survivor, subject to the order of either." The wife survived the husband about

an hour and the question was to whose estate the fund belonged. The court held that a donation and a retention of control could not stand together; that although the husband intended that what remained should go to his wife if she survived him, he did not mean to relinquish his right to use the money during his life and so the entries amounted only to an attempted testamentary disposition of the remainder of the fund.

*Matter of Bolin,* 136 N. Y. 177, is also a similar case. There the deposit was made by a mother in the name of herself or daughter. Upon the mother's death the daughter claimed the fund as her own. The court held that the facts did not make out a transfer of the title, because the donor did not divest herself of the possession of her property, the transaction simply evincing a purpose that the money should be drawn by either, presumably from the motive of convenience.

Upon these grounds we are of opinion that the evidence in this case does not show a constituted trust, but only a testamentary disposition; that it does not show a gift *inter vivos* and that there was no transfer of title from Margaret Hart to Mary F. Carpenter. The fund in question, therefore, belongs to the administrator of Margaret Hart.

*James Tillinghast & Theodore F. Tillinghast,* for complainant.

*Francis L. O'Reilly & Charles E. Gorman,* for the administrator of Margaret Hart.

*James M. Ripley & John D. Thurston,* for Mary F. Carpenter.