## HERBERT L. EMANUELSON
*vs.*
## HELENA DELLE ET AL.

Superior Court      New Haven County      File No. 56833

MEMORANDUM FILED MARCH 25, 1940.

*Arthur T. Gorman,* of New Haven, for the Plaintiff.

*Wiggin & Dana,* of New Haven, for the Defendants.

SIMPSON, J. On January 12, 1933, the named plaintiff, Herbert L. Emanuelson, was by the Probate Court for the District of New Haven, duly appointed conservator of Fredericka Delle, of West Haven.

On June 29, 1922, Fredericka Delle established in the New Haven Savings Bank a savings account (No. 215,611) in the name of "Fredericka Delle, Trustee for Ernest Delle, Jr."

On November 17, 1922, Fredericka Delle established a like account (No. 216,702) in the New Haven Savings Bank in the name of "Fredericka Delle, Trustee for Ryman Delle."

On December 3, 1923, Fredericka Delle established a like account (No. 219,897) in the New Haven Savings Bank in the name of "Fredericka Delle, Trustee for Helen Delle."

On December 10, 1924, Fredericka Delle established a like account (No. 222,733) in the New Haven Savings Bank in the name of "Fredericka Delle, Trustee for Bernhardt Delle."

Ryman Delle (sometimes called Raymond Delle) died in December, 1934, and Frank E. Bollman of New Haven was in June, 1935, duly appointed administrator of his estate by the Probate Court for the District of New Haven. Frank E. Bollman, as administrator, made demand of the plaintiff to release any interest which the plaintiff had or ought to have in the account of Fredericka Delle, Trustee for Ryman Delle, and upon application by the plaintiff to the probate court for advice in the matter, the probate court after notice and hearing entered an order that Herbert L. Emanuelson, conservator of Fredericka Delle, be and hereby is "instructed, advised, authorized and empowered to release and forever discharge any and all claims which Fredericka Delle, individually or as Trustee, or the said Herbert L. Emanuelson, as conservator, have or may have in or to a certain savings account, No. 216,702, folio 451, standing in the name of Fredericka Delle, Trustee for Ryman Delle, and to that end he is hereby authorized and empowered to execute and deliver any and all documents which may be necessary, convenient or proper to effect said release." This decree of the probate court was in no wise ever appealed from, and in due course the release was given on July 11, 1935. At that time the deposits and accumulated interest thereon was of a sum in excess of $3,600. No question is raised in this litigation in regard to this savings account.

In addition to the trust accounts to which reference has been made as above, there was in June, 1931, another account in the New Haven Savings Bank in the name of Fredericka Delle and Ernest Delle (her husband, who died in 1929) or the survivor. On June 26, 1931, Fredericka Delle, desiring to change this account to herself and her son Bernhardt E. Delle, went to the New Haven Savings Bank for that purpose, but through error changed the trustee account (No. 215,611) for Ernest Delle

over to her own name and that of her son. After the appointment of the conservator, upon his application, the probate court authorized him to make the necessary corrections, which was done and a new account (No. 279,750) was established in the name of "Herbert L. Emanuelson, Conservator of Fredericka Delle, Trustee for Ernest B. Delle." When this account was established there was credited to it by transfer the sum of $3,026.70, which would have been the amount then to be credited on the original trustee account (No. 215,611).

Ernest, Ryman, Helen and Bernhardt Delle were all grandchildren of Fredericka Delle, and while the original deposits in the trustee accounts varied, other deposits were made from time to time, and by 1929, when Fredericka Delle's husband died, the amounts in each trustee account, with the accumulation of interest thereon, were substantially equal, thus indicating it was the intention to treat all the grandchildren alike. Shortly after the establishment of the account of "Fredericka Delle, Trustee for Ernest Delle", Fredericka Delle informed the mother of the four children that she had taken out a bank book for Ernest and that she intended to take one out for Ryman, and would take out one for the younger children later. After the four savings accounts were established, Fredericka kept the books in her possession until December 28, 1932. During all this time she never made any withdrawals from any of the accounts. On December 28, 1932, she gave the four books to Ernest Delle with the remark that she was handing over the four books belonging to the four grandchildren and told him to give them to the four grandchildren. Ernest took the four books to his home in Brooklyn, where he was then residing with his mother, and gave them to his brothers and sisters, and a few days later collected the books and sent them to Attorney Frank E. Bollman in New Haven, who at present has possession of books Nos. 222,733 and 219,897, and also the book standing in the name of "Herbert L. Emanuelson, Conservator of Fredericka Delle, Trustee for Ernest B. Delle."

Fredericka Delle not only never made any withdrawals from any of the accounts during the ten years or more she had possession of the books, but I am satisfied that during that time she never made any claim that she was entitled to use any of the money for herself. It is true that she testified on being recalled to the witness stand in rebuttal that she told Ernest at the time she turned the books over to him that when she needed

some of the money she would get it, but I cannot find that she did say anything to that effect.

From the above facts the conclusion seems inescapable that when the trust accounts were opened it was the intention of Fredericka to establish trust accounts for the benefit of her grandchildren and that she effectively completed that purpose. This case on its facts is stronger than the case of *Minor vs. Rogers,* 40 Conn. 512, which the court considers controlling. In that case a widow had deposited a sum of money in a savings bank in her name as trustee for W, a boy then 13 years of age, and shortly thereafter told the boy's parents she had deposited the money for their son, and that he would need it for his education. She retained the book in her possession, and before she died withdrew the money and used it for her own purposes. Held, that she made a complete gift which she could not revoke.

So far as I have discovered decisions in other jurisdictions which seem contrary to the above decision, they seem to be distinguishable. Thus, the strongest case upon which the plaintiff relies is *Matter of Totten,* 179 N.Y. 112, 71 N.E. 748. The court, after referring to the conflict in the opinions of justices in different appellate divisions of that state, said that it was necessary to settle the conflict by laying down such a rule as would best promote the interests of all the people in the state, and further said (at p. 125 of 179 N.Y.): "After much reflection upon the subject, guided by the principles established by our former decisions, we announce the following as our conclusion: A deposit by one person of his own money, in his own name as trustee for another, standing alone, does not establish an irrevocable trust during the lifetime of the depositor. It is a tentative trust merely, revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration, such as delivery of the pass book or notice to the beneficiary."

In the instant case we have the declaration of the depositor at the outset that she had taken out the books for the benefit of her grandchildren, and a delivery of the books and notice to the beneficiaries. The above case is in accord with *Minor vs. Rogers, supra; Gerrish vs. New Bedford Institution for Savings,* 128 Mass. 159; and *Sayre vs. Weil,* 94 Ala. 466, 15 L.R.A. 544, and cases cited.

In the case of *Gerrish vs. New Bedford Institution for Sav*

*ings, supra*, it appeared that deposits were made by A in a savings bank in his name as trustee for his son by name, and as trustee for two grandchildren by name. He kept the books in his possession and they were found among his effects when he died. He had continued during his lifetime to draw all dividends upon the deposits. The son and grandchildren appeared as claimants of the deposits and offered to prove, in addition to the above facts, that A had stated to each of them, at different times, "that he had put this money in the bank for them; that he wanted to draw the interest during his lifetime; and that after he was gone they were to have the money." This testimony was excluded and on appeal the Supreme Court held that the evidence was admissible, and said that upon all the evidence, a jury would be justified in finding that A had fully constituted himself a trustee for the claimants.

The plaintiff further says in his brief that "it is respectfully urged and strongly so, that if the Minor vs. Rogers decision is contrary to law quoted herein, it was decided almost seventy years ago and has been overruled in all other states in sound and logical decisions" and that the decision was a three to two decision. The learned attorney overlooks the fact that the *Minor vs. Rogers* case has frequently been cited with approval by our Supreme Court, even as late as 1915, and that a three to two decision is as binding on this court as an act of the General Assembly passed by a majority of votes only.

It is the conclusion of the court that neither the plaintiff nor his ward has any equitable interest in the respective saving account deposits, and that the same belong to the respective defendants, and that as presumably the trusts were to terminate on the beneficiaries reaching 21 years of age, that neither plaintiff nor his ward are entitled to the possession of the books.

Judgment may be entered accordingly, without costs to either party.